10453 ·

*EX PARTE* SCURRY.

(103 S. E. 534.)

HABEAS CORPUS—JUDGMENT AWARDING CUSTODY OF INFANT TO MOTHER, CONVICTED OF LARCENY, ERRONEOUS.—In a proceeding by a father in *habeas corpus* to determine right to the possession of children, *held*, that Court erred in awarding the custody of the children to the mother, where it appeared that she had been convicted of larceny, and that the physical well-being of the children would be much better with the father than with the mother.

Before McIVER, J., Richland, February, 1920. Reversed.

Petition by James Scurry, father, for custody of children. Upon decree awarding the custody to the mother, Mattie Scurry, James Scurry appeals.

*Messrs. Cole. L. Blease* and *Paul A. Cooper,* for appellant, cite: *In suit for custody of child it must be clearly shown that the proper care cannot be expected of the father; or else the father is entitled to custody:* 73 S. C. 296; R. C. L., p. 1216, note 13. *Father has paramount right to custody of children unless it is shown that he is unfit and unsuitable:* 75 S. C. 220.

*Mr. E. O. DePass,* for respondent. Oral argument.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a proceeding in *habeas corpus* to determine the right to the possession of four children of the petitioner and respondent. The parties to these proceedings charge each other with serious immorality.

While there are suspicious circumstances against the petitioner, there is no satisfactory proof. The respondent has been convicted of larceny. The respondent would not live with the petitioner, and care for his household herself, nor would she allow his sister to live with the petitioner in peace. The petitioner then went for his mother, but she was under contract of service to another, but promised to come to her son as soon as her contract expired. In the meantime there was no one to take care of his house, and the petitioner asked advice of the magistrate, and was told that he had the right to employ a housekeeper, and he did employ a woman to keep his house until his mother could come. This housekeeper stayed in his house. There is no other evidence against him, except the unsupported statement of another woman, who charged the petitioner with immorality. This other woman was a kinswoman of the respondent, and she was unquestionably bad.

The mother has been adjudged to be a thief. There are, at best, only suspicious circumstances and the unsupported statement of a bad woman against the petitioner. It appears, therefore, that so far as the moral surroundings are concerned, while not ideal in either case, they are probably better with the father than with the mother. The past has shown that the physical well-being of the children is much better with the father than with the mother. While they lived with their father, they were well supplied with food and clothing. They have been insufficiently fed and clothed while living with their mother and apart from their father. It has not been shown that their mother has the means to provide for them. The father is making more than $100 per month and is able to properly care for his children.

The judgment of the trial Judge, awarding the custody of the children to the mother, the respondent, is reversed, and the custody of the children is awarded to the father, the petitioner. Of course, if the petitioner can be shown in the future to be living an immoral life, subsequent proceedings may be instituted to take the children from him.

Judgment reversed.