15552

CLARDY v. FORD

(26 S. E. (2d), 20)

Febru-ary, 1943.

*Messrs. Culbertson & Brown,* of Greenville, S. C., Counsel for Appellant,

*Mr. Edwin G. Patterson,* of Anderson, S. C., Counsel for Respondent,

June 15, 1943.

This is a proceeding in habeas corpus involving the custody of Willis Daniel Clardy, who is a boy two years of

age. The petitioner is his mother, and the respondent, Mrs. Rufus Ford, is his great-aunt, the sister of his paternal grandmother.

The petitioner claims that she is entitled to the custody of the child. The respondent in her return alleges that the father of the child removed him from the custody of his mother to the respondent's home with the request that she take care of the child. He is a soldier in the Army of the United States now stationed in the State of California. Respondent also alleges that the petitioner is not of good moral character and is without financial means to support the child.

About three years ago, the petitioner, Pauline Thomas Clardy, was married. A short time ago she and her husband became estranged, and he entered the army. While her husband was away in the armed forces of our country, Mrs. Clardy had another marriage ceremony with Gettis Ray Prickett, on December 19, 1942, and they now reside together in the City of Greenville. Petitioner has been arrested for bigamy and is awaiting trial of the case in the Court of General Sessions for Greenville County. While on a furlough to Anderson County, the father obtained possession of the child and delivered him to his mother's sister to take care of for him while he was in the army.

Mr. Prickett is a taxicab driver, and earns from $35.00 to $40.00 per week. He is about thirty-five years of age and testified that he would be willing to support the child. The petitioner is twenty years of age and has no income whatever of her own. Mr. Prickett has two other sons, he and his wife being divorced. One boy is eighteen years of age and maintains himself, the other is eight years old and lives with his mother at Greensboro, N. C. Mr. Prickett does not furnish any support for him.

Mrs. Ford resides at Pelzer. She has four children with ages from eleven to nineteen years. The two oldest ones work in the mill. She is a woman of the highest character,

and attends church regularly. Her husband works in the mill and earns from $37.00 to $60.00 per week as a mechanic. He expressed full willingness to care for the boy. The father of the boy has made provision to allot $15.00 from his pay, each month, under the Acts of Congress to be supplemented by an allotment from the government of $22.00 a month. It appears also that the grandparents of the child are willing to contribute to his support, if need be. Mrs. Ford testified that if the child became sick she would call in a doctor.

In proceedings of this kind the legal and moral rights of each of the claimants will be regarded, but the paramount consideration of the Court is the welfare of the child.

While the respondent of record here is the child's great-aunt, to all intents and purposes the contest is one between the child's mother and father. The respondent, Mrs. Ford, has the custody of the child at this time merely as his guardian while his father is serving in the army.

It is quite clear that a mother's right to the custody of her child is not superior to that of a father. Under Section 8638 of the Code (Act of 1923) neither parent has any right paramount to the right of the other concerning the custody of their child.

At the common law the primary right to the custody of a child is in the father, since the law requires him to maintain and support the child. Quite a number of cases in our earlier Supreme Court decisions state that the father ordinarily has the superior right even as against the mother. *Ex parte Hewitt,* 11 Rich., 326; *Ex parte Reed,* 19 S. C., 604; *Ex parte Davidge,* 72 S. C., 16, 51 S. E., 269; *Ex parte Tillman,* 84 S. C., 552, 66 S. E., 1049, 26 L. R. A. (N. S.), 78; *Hartley v. Blease,* 99 S. C., 92, 82 S. E., 991.

Though the character of the petitioner before this time appears to have been good the conclusion is inescapable

that now she is not of good moral character. She openly admitted on the witness stand that without having received a divorce from her husband she has contracted marriage with Mr. Prickett and openly lives with him. The marriage certificate is before me. *Ex parte Scurry,* 114 S. C., 295, 103 S. E., 534.

There is, of course, no certainty that Mr. Prickett will continue to be willing to support the child. There is no legal obligation upon him to do so.

No doubt when the father returns from the war, if he does return, he will make proper provision for the custody of his child.

In my opinion it is for the best interest of the child that he remain with Mrs. Ford at the present time.

If there should be a substantial change in circumstances, if the boy's father should not return from his war service, and if there should be a complete reformation by the petitioner this order would not prevent the matter being inquired into further. At the present time, however, I think that in view of all the circumstances it would be for the best interest of the child that Mrs. Ford continue to exercise custody over him while his father is away. I think that Mrs. Clardy, the petitioner, should be allowed at proper times to visit her son.

It is, therefore, ordered that the petition of Mrs. Pauline Thomas Clardy herein be, and the same hereby is, refused.

It is further ordered that the infant, Willis Daniel Clardy, be and he hereby is remitted to the custody of Mrs. Rufus Ford, the respondent.

It is further ordered that Mrs. Pauline Thomas Clardy, the petitioner, shall have the right at reasonable times during the daylight hours to visit her son.

PER CURIAM:

The circuit decree of his Honor, Judge Henderson, will be reported as the judgment of this Court. The exceptions relate to matters well disposed of by him, and they are over-

ruled. It was said by counsel for appellant in oral 'argument of the appeal that after the hearing below of this case the appellant pleaded guilty in the Court of General Sessions of Greenville County to the charge of bigamy and was sentenced to two years probation. Section 1038-1, Code of 1942.

Affirmed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES and CIRCUIT JUDGE J. HENRY JOHNSON, ACTING ASSOCIATE JUSTICE, concur.