15800

WEST *ET AL.* v. WEST (two cases)

(36 S. E. (2d), 856)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, Counsel for Appellant,

*Mr. Samuel T. Lanham,* of Spartanburg, Counsel for Respondents,

February 11, 1946.

PER CURIAM: The issue involved in this case is the custody of a fourteen-months-old child, which necessarily encompasses what provision is best for the welfare of the infant involved, the latter being paramount.

This cause was originally instituted in the Children's Court of Spartanburg County by the respondents, the mother and maternal grandmother respectively, against the appellant, the father of the child.

The Children's Court of Spartanburg County, after taking considerable testimony, awarded the custody of the child to the appellant. Thereupon an appeal was made to the Court of Common Pleas for Spartanburg County, and the Judge of that Circut issued his order requiring a certification of the record before the Children's Court to the Court of Common Pleas; and thereafter, following argument of the contents of this record, the Judge of that Circuit issued his order reversing the order of the Children's Court and awarding the custody of the infant to the respondents herein, and in so doing stated: "Of course this Court is cognizant of the relationship, and will naturally expect that the baby shall live with and be cared for by his Mother. But it is expected that the Mother, without the benefit of a husband's counsel, cooperation and assistance, should seek the advice and counsel of her Mother, and be guided by it, and that Mrs. Livingston will give supervisory care and attention to her daughter and grandson."

There was an appeal to this Court from the order of the Circuit Court awarding the custody of the child as aforesaid and, pending the appeal to this Court, and on motion of the appellant herein, when it was brought to the attention of the Court that the infant involved, Toby Edward West, had never been made a party to the proceeding nor had any hearing with respect to his interest and welfare, and so that full opportunity would be afforded for the interests of said infant to be adequately and completely considered by the Court, to the end that the welfare of the infant could be properly adjudicated, irrespective of any strictly legal right of the parties to the action to the custody of the infant, it was ordered that the infant be produced before the Court at the hearing of the appeal, and that such further return or other pleading, together with any supporting affidavits or exhibits, as the respondents intended to rely upon be made a part of the record; that such proceeding be consolidated with the appeal then pending and heard at the same time; and that Mrs. Kate B. Helms, Chief of the Child Welfare

Division of the State Department of Public Welfare be appointed as *guardian ad litem* for the said infant and make her return and recommendation to this Court as to the best interest of the infant, all of which was done. Therefore, the Honorable Thomas S. Sease, Resident Circuit Judge, who passed the order awarding the custody to the respondents herein, did not have before him all of the information that this Court has.

The most recent case that we have relating to the custody of an infant is *Koon v. Koon et al.*, 203 S. C., 556, 28 S. E. (2d), 89. In an excellent opinion, written by Mr. Justice Fishburne and concurred in by all members of the Court hearing that case, it is stated:

"The rule that obtains in this and practically all jurisdictions at the present day is, that the well-being of the child is to be regarded more than the technical legal rights of the parties, so that, following this rule, it is generally held that the child will not be delivered to the custody of either parent where it is not to its best interest. The right of the parent is not absolute and unconditional. The primary consideration for the guidance of the Court is what is best for the child itself. This is declared not only in specific terms by our statute (Sec. 8638, 1942 Code) but it has been so declared time and again by the Court." (Citing all leading cases on the subject from this State from *Ex* parte Schumpert, 6 Rich., 344, to *Clardy v. Ford,* 203 S. C., 44, 26 S. E. (2d), 20. And also annotation in Ann. Cas., 1914-A, 740, and 41 L. R. A. (N. S.), 564.)

A more succinct statement of the law obtaining in this State could not be made.

We have studied this record with great care and have reached the conclusion that it is not to the best interest of the infant involved that his custody be awarded to either of the parents, although the appellant has shown more sincere interest in the welfare of the infant than has the mother.

It would probably be to the best interest of the child if the custody could be awarded to the respondent, Mrs. Louise

B. Livingston, the maternal grandmother, except for the fact that she is not in a position to care for the child in that she is employed throughout the day, having no independent means of living and it being necessary for her to work. We have all respect for Mrs. Livingston and her suitability for rearing a child. However, under the circumstances as disclosed by the record, she cannot give the time and attention to this infant that is necessarily required.

The paternal grandparents of the child, Henry M. and Fannie V. West, who reside in the City of Norfolk, Virginia, are willing and able to care for their grandson; and after a thorough investigation by Mrs. Helms, the *guardian ad litem* of the child, she unhesitatingly recommends that for the present time these paternal grandparents have the custody of the infant; and in our opinion she is fully fortified by the record in reaching this conclusion.

We do not see the necessity of detailing the life of the respondent, Mrs. Dorothy Josephine West, and thus making a permanent public record thereof which can at some future time be flaunted in the faces of this infant and four other children which Mrs. West has borne, but think it only necessary to say that the record shows beyond cavil that Mrs. West is unstable, emotional, and an utterly unfit and improper person to have the custody of the infant. It might be well to state that she does not have the custody of her other four children. We should state, in fairness to the mother, that the record shows that she kept this child clean, but that he remained in his crib practically all the time, and until the father removed him and placed him in the custody of one who could give him the proper attention, he had very little use of his limbs and otherwise showed evidence of neglect. It is, of course, a recognized fact that a baby has to be handled in order to properly develop.

The appellant, while not living a model life, apparently has a genuine interest in this child, which has not suddenly come to pass since the institution of these proceedings, and

the record impresses us with his desire that his infant son be properly cared for and reared by a suitable person. And this is, of course, to his credit.

We are, of course, aware of the great responsibility that has been thrust upon us in having to decide who should have the custody of this infant and the moulding of his character, and it is with great regret that we are unable to leave this child with his mother, but we can do only that which we see as our duty to the child.

It is therefore ordered that the decree of the Circuit Court, awarding the custody of this child to the respondents herein, be reversed.

It is further ordered that, until the further order of this Court if conditions should be changed, the custody of the infant, Toby Edward West, be awarded to Henry M. and Fannie V. West of Norfolk, Virginia, the paternal grandparents of said child; and in that the child will be transferred from the jurisdiction of this Court, it is further ordered that said paternal grandparents give a bond in the sum of FIVE HUNDRED ($500.00) DOLLARS, said bond and surety to be approved by the Clerk of the Court of Common Pleas for Spartanburg County, conditioned for a return of the child to the jurisdiction of this Court at any time the Court may hereafter so require.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE STEVE C. GRIFFITH concur.