19246

Mavis M. CROWE, Respondent, v. Jesse Thomas LOWE, Appellant
(182 S. E. (2d) 310)

*M. A. McAlister, Esq.,* of Anderson, *for Appellant,*

*Messrs. Anderson, Kenyon & Epps,* of Anderson, *for Respondent.*

June 23, 1971.

Bussey, Justice.

This is a child custody proceeding, the parties being the divorced parents of children involved. Both parties have remarried; the appellant father is still residing in Anderson, the county of the divorce, and the respondent mother is residing in Laurens County.

There has apparently been intermittent litigation between the parties since March 1966. There were three children born of the marriage; a daughter, Kimberly, and two sons, Randall and Marty, the last named being the youngest. On November 1, 1967, the court, in a consent order terminating an action by the mother for separate support and maintenance, disposed of the custody of the children, giving exclusive custody of Marty to the mother and the custody of the other two children to the parents, but with the mother to have them during the summer months and the father to have them during the winter months, presumably the school year; each parent to have the right of visitation on weekends when the other had custody.

The aforesaid order with respect to custody, support, etc., was made a part and parcel of a decree of the court, dated February 13, 1958, wherein the mother was granted a divorce from the father on the ground of desertion. The custody of Marty is not presently involved, but the parties are at odds as to the custody of both Kimberly and Randall, whose respective ages, according to the statement of the case, are given as 11 and 10. Just when such ages were attained the record does not show. Cross proceedings between the parties were had in the spring of 1970 as a result of which the court, *inter alia,* ordered an investigation of the homes of the respective parties by the Welfare Departments of Anderson and Laurens Counties.

The present proceeding was commenced by the respondent mother by a petition and rule to show cause, dated June 8, 1970, wherein she sought the complete custody and control of both Kimberly and Randall and support for them. The father demurred to such petition on the ground that it did not state facts sufficient to show a change of conditions since the divorce decree or to justify the court in changing the custody provisions thereof. The rule to show cause was returnable on the 16th day of June, 1970, but the hearing was postponed until August 11th, awaiting reports from the respective Welfare Departments. On that date, according to the statement of the case, the court, in effect, overruled the demurrer on the part of the father; refused to take any testimony, over objection of the father; and, after talking privately with the two children and considering only the reports of the respective Welfare Departments, issued an order under date of August 14th, as follows:

"1. That the Court retain custody and jurisdiction of said minor children until further order of this Court.

"2. That this Court makes placement of the minor child, Randall Lowe, with the father, Jesse Thomas Lowe, and makes placement of the minor child, Kimberly Shaye Lowe, with the mother, Mavis M. Crowe, with the father to have

reasonable visitation with the minor daughter, Kimberly Shaye Lowe."

The order contained no findings of fact and assigned no reasons for modifying the former order of the court with respect to custody. It did recite that it had considered the reports of the Department of Public Welfare, but made no mention of the contents. It is from the foregoing order and the overruling of his demurrer that the father appeals.

The custody of the two children here involved had been previously fixed by agreement between the parties, which agreement had been twice confirmed and approved by the order of the court. The general rule of law is that a contract between parents as to the custody of children will be recognized and enforced by the courts unless the welfare of the children requires a different disposition. Under this general rule, it was incumbent upon the mother to allege and prove that the welfare of the children required the court to ignore and set aside the agreement of the parties and its previous orders. *Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916.

Pleadings in child custody cases should be viewed with liberality to the end that the fate of a child not depend on any artificial rule of pleading. It is also the general and well established rule in this State that in passing upon a demurrer the court is strictly limited to the facts appearing on the face of the pleading. Viewed in the light of these principles, it may well be that the petition of the respondent mother was sufficient to withstand demurrer. On the other hand, when the petition of the mother and the disposition of the cause by the court are viewed in the light of the prior facts established by the record and well known to the court, it is clear that the mother has neither alleged, nor sufficiently proved by any competent evidence, any fact whatsoever which would warrant the court in ignoring the agreement of the parties and its previous custody orders.

The foregoing conclusion requires a reversal of the judgment of the lower court and renders unnecessary a decision of the one other question argued on appeal. We mention such, only briefly, because of the possibility of further proceedings between the parties as to the custody of the children. The appellant asserts that he was denied "due process of law" in the reliance of the lower court upon the Welfare Department reports and the result of the private interview with the children, without giving him an opportunity to offer evidence, and to cross examine. While we refrain from the unnecessary discussion or decision of this question, we do call to the attention of the lower court and counsel the following citations for whatever help they may be in the future. 42 Am. Jur. (2d) 34, Infants, Sec. 31, 35 A. L. R. (2d) 612; 42 Am. Jur. (2d) 35, Infants, Sec. 32; 99 A. L. R. (2d) 954.

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.