22093

William YARBOROUGH, Plaintiff, v. Edward H. PARKER, Sr., Defendant-Appellant, v. FLORENCE COUNTY HEALTH DEPARTMENT, Additional Defendant-Respondent.

(316 S. E. (2d) 671)

Supreme Court

*Marvin P. Jackson, Jr.,* Florence, *for defendant-appellant.*

*Dennis N. Cannon, Jr.,* Columbia, *for additional defendant-respondent.*

May 2, 1984.

NESS, Justice:

This is an appeal from an order sustaining respondent Florence County Health Department's demurrer to appellant Edward Parker's cross-complaint. Parker claims the trial court erred in sustaining the demurrer on the basis of: (1) his failure to exhaust his administrative remedies; (2) lack of standing; and (3) sovereign immunity. We agree and reverse.

In April 1979, Parker sold Yarborough, the plaintiff in this action, a lot of land in Florence County, expressly warranting that the property met county health department standards governing the installation of septic tanks. After being denied an installation permit, Yarborough instituted an action for fraud against Parker, seeking $4,500 actual damages, the price of the property, and $4,500 punitive damages.

Parker filed a cross-complaint against the Health Department alleging the Department's failure to grant the permit (1) constituted a "taking" of Yarborough's property without due process; (2) violated the Department's rules and regulations; and (3) amounted to arbitrary discrimination which denied both Parker and Yarborough equal protection of the law. The Health Department successfully demurred to this cross-complaint on the ground Parker had failed to exhaust his administrative remedies.

Parker claims his failure to exhaust all administrative remedies was an insufficient ground upon which respondent's demurrer, as the existence of these remedies did not appear on the face of his cross-complaint. We agree.

■ "A demurrer attacks the four corners of the instrument under assault." *Preston H. Haskell Company v. Morgan.* 274 S. C. 261, 263, 262 S. E. (2d) 737, 738 (1980). "[I]n passing upon a demurrer the [trial] court is strictly limited to the facts appearing on the face of the pleading." *Crowe v. Lowe,* 256 S. C. 321, 324, 182 S. E. (2d) 310, 311 (1971). We hold the trial court erroneously considered Parker's failure to exhaust all administrative remedies as the basis for sustaining respondent's demurrer, as this fact did not appear on the face of appellant's cross-complaint.

■ Appellant next argues the trial judge erred in determining he lacked standing to assert his claims. We agree and reverse under Rule 23, based on S. C. Code

Ann. § 15-15-70 (1976) and *Insurance Financial Services, Inc. v. The South Carolina Insurance Company,* 275 S. C. 155, 268 S. E. (2d) 113 (1980).

Similarly, we find respondent's reliance on the doctrine of sovereign immunity to be misplaced.

Reversed.

LITTLEJOHN, C. J., GREGORY, J., and J. WOODROW LEWIS, Acting Associate Justice, concur.

Associate Justice HARWELL, disqualified.