0328

Kenneth E. COLLINS, Respondent v. Judy O. COLLINS, Appellant.

(324 S. E. (2d) 82)

Court of Appeals

*William A. Little* of *Dusenbury, Hendrix & Little,* Myrtle Beach, and *H. E. McCaskill,* Conway, *for respondent.*

*John P. Henry* of *Thompson & Henry, P. A.,* Conway, *for respondent.*

Heard Sept. 24, 1984.

Decided Dec. 10, 1984.

CURETON, Judge:

In this domestic action, the wife, Judy Collins, appeals from the order of the family court awarding the father, Kenneth Collins, custody of the parties' minor child and denying her alimony, attorney's fees and a one-half interest in the marital residence. We affirm the judgment entered on these issues. The case is remanded, however, for proper determination of the fee to be awarded the guardian *ad litem.*

In July, 1981, the husband initiated this action for custody of the parties' seven-year-old daughter after the wife moved out of the marital residence taking the child with her. The wife answered and counterclaimed for custody of the daughter, alimony, child support, attorney's fees and an equitable division of the marital property. The court appointed a guardian *ad litem* for the child. Subsequently, the wife filed a supplemental answer and counterclaim requesting a divorce on the ground of one year's continuous separation.

By order dated April 19, 1982, the court granted the wife a divorce but denied her request for alimony and attorney's fees. The court awarded the husband custody of the minor daughter and in an equitable division of the marital home titled solely in the wife's name, ordered the wife to convey her interest to the husband for $8,200. Each party was ordered to pay one-half of a $638 award to the guardian *ad litem.*

On appeal the wife contends (1) the award of custody of the minor child to the husband is against the weight of the evidence; (2) the court's *in camera* receipt of the recommendation of the guardian *ad litem* denied her due process; (3) the fee awarded the guardian is excessive; (4) the denial of alimony and attorney's fees is not supported by the evidence and amounts to an abuse of discretion; and (5) the equitable distribution of less than one half of the marital home to her is not supported by the evidence.

With respect to the issue of custody, the wife concedes that the father is a fit and loving parent. She argues that because the suitability of the parties is nearly equal, the "tender years doctrine" under which the mother is given preference should determine the issue of custody in her favor.

A similar argument was made by the mother of a four-year-old child in *Jones v. Ard,* 265 S. C. 423, 426, 219 S. E. (2d) 358 (1975). The Court stated:

> The tender years doctrine, upon which the mother would reply, does not always require that she be given custody. The fact that she is the mother and the fact that the child is of tender years are merely matters to be considered by the trial judge, along with all the other evidence.

*Accord, Ford v. Ford,* 242 S. C. 344, 130 S. E. (2d) 916 (1963); *Marshall v. Marshall,* S. C. 320 S. E. (2d) 44 (S. C. App. 1984).

Here, the evidence reveals both parties were fit to assume custody of the seven-year-old daughter. She shared a loving relationship with each. It is apparent, however, the father is able and willing to provide a more stable home for his daughter. Without detailing all the evidence, the record reveals that the wife is a young woman whose primary present interests are her social and career endeavors. Her employment as a disc jockey and dance instructor frequently cause her to be away from home at night. The child has been left with different persons on these occa-

sions, sometimes overnight and without the prior approval of the person keeping the child.

On the other hand, the father is home at night. He is a settled and mature person. He possesses strong moral values. The record reveals he spends time with the child and is willing to accept the responsibility of her upbringing.

"While this Court is free to find facts based on our view of the preponderance of the evidence, *Brown v. Brown,* [278 S. C. 43], 292 S. E. (2d) 297 (1982), the trial judge, who observes the witnesses and is in a better position to judge their demeanor and veracity, is given broad discretion. *Peay v. Peay,* 260 S. C. 108, 194 S. E. (2d) 392 (1973)." *McAlister v. Patterson,* 278 S. C. 481, 483, 299 S. E. (2d) 322, 323 (1982). In this case, we find no abuse of discretion in the court's awarding custody of the daughter to the husband.

The wife next argues that the court's *in camera* receipt of the recommendation of the guardian *ad litem* denied her the opportunity to cross-examine the guardian and any witnessess on whose testimony the guardian relied. Except for the statement in the court's order that "the Guardian ad Litem . . . has recommended that custody be granted to the father," the record is devoid of a report or findings of the guardian *ad litem.* Counsel for the parties conceded in oral argument that the guardian's report was not made in open court and counsel was not made aware of the report or its subsequent filing with the court.

Our research revealed that the issue of whether a party to a custody proceeding has the right to cross-examine the guardian *ad litem* whose report the court considers in its decision on custody has not been decided in South Carolina. In *Crowe v. Lowe,* 256 S. C. 321, 325, 182 S. E. (2d) 310, 312 (1971), the Court said:

> The appellant asserts that he was denied "due process of law" in the reliance of the lower court upon the Welfare Department reports and the result of the private interview with the children, without giving him an opportunity to offer evidence, and to cross-examine. While we refrain from the unnecessary dicussion or decision of this question, we do call to the attention of the lower court and counsel the following citations . . . [including Annot., 35 A.L.R. (2d) 629, *infra*].

The annotation cited by the Court in *Crowe,* and its subsequent update, indicate that a majority of jurisdictions recognizes that there exists a right to be informed of and to cross-examine any court-appointed impartial investigator, agency, medical expert or guardian *ad litem* in a custody proceeding. *See* Annot. 59 A.L.R. (3d) 1337 (1974), superseding, in part, Annot. 35 A.L.R. (2d) 629 (1954). The cases generally hold that the litigants are entitled to know and have an opportunity to rebut the factual bases upon which the guardian or investigator makes his recommendation. *See, e.g., Bass v. Bass,* 437 P. (2d) 324 (Alaska 1968); *Moody v. Gilbert,* 208 Ga. 784, 69 S. E. (2d) 874 (1952); *Yearsley v. Yearsley,* 94 Idaho 667, 496 P. (2d) 666 (1972); *Aylor v. Aylor,* 173 Colo. 294, 478 P. (2d) 302 (1970); *Rohrbaugh v. Rohrbaugh,* 136 W. Va. 708, 68 S. E. (2d) 361 (1951), *overruled on other grounds, J. B. v. A. B.,* 161 W. Va. 332, 242 S. E. (2d) 248 (1978).

■ We believe that the ends of justice are better served by permitting cross-examination of a guardian *ad litem.*

We hold, therefore, that a litigant in a child custody proceeding has a right to a copy of the report of the guardian *ad litem* including the guardian's recommendation for custody of the minor. In addition, we hold that where the report contains statements of fact, the litigants are entitled to cross-examine the guardian *ad litem* and any witnesses whose testimony formed the basis of the guardian's recommendation. The family court's failure to make the report available or to permit proper cross-examination is reversible error unless this Court finds that the litigant either waived the right of cross-examination or the denial of it was harmless error under the circumstances.

■ Upon the facts of this case, however, we find that the court's *in camera* receipt of the guardian's report was harmless error. Independent of the report of the guardian *ad litem,* we find, based on our view of the preponderance of the evidence, that custody should be awarded to the husband for the reasons given above.

■ With respect to the $600 fee awarded the guardian *ad litem,* the wife argues that the award is both excessive and is not supported by any evidence in the record. We agree. The only reference to the guardian's fee is found in the order of the family court. Neither the guardian's statement of

time and charges nor testimony is included in the record to support the court's award of $600 plus costs of $38. For this reason, the award is vacated and the case remanded for determination of the guardian's fee in accordance with the principles established by the Court in *South Carolina Department of Social Services v. Hyatt*, 277 S. C. 152, 154, 283 S. E. (2d) 445, 446 (1981).

Lastly, we find that the court's denial of alimony and ▪ attorney's fees to the wife, and its distribution to her of an equitable interest in the marital home amounting to $8,200 is supported by the evidence. The husband earns approximately $740 monthly and the wife, $659 to $750. At the time of the separation, the husband had no separate assets. Both parties are able to work. An award of alimony and attorney's fees rests within the sound discretion of the trial judge, *McNaughton v. McNaughton*, 258 S. C. 554, 189 S. E. (2d) 820 (1972), upon a consideration of, among other things, the needs of the petitioner and the ability of the respondent to pay. *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981); *Powers v. Powers*, 273 S. C. 51, 254 S. E. (2d) 289 (1979). We find no abuse.

The acquisition of the marital home occurred in the following manner. Subsequent to the marriage, the parties borrowed $25,000 to build a duplex apartment on a lot purchased by the husband prior to the marriage. They later sold the lot (appraised at $15,000) and apartment and invested the profits in the marital home. They borrowed additional money to build the house and there is an outstanding balance of $31,103.27. The husband also borrowed $7,000 from his sister to purchase the lot on which the house was constructed. This entire amount is still owed the sister.

Although title to the residence was placed in the name of the wife to protect it from business debts, the evidence reveals that the husband made all the mortgage payments. The wife testified that she used her income to purchase food for the family, some clothing and a car for her transportation. She also paid the babysitter. With the help of a maid for some unspecified period of time, she also performed household tasks.

The marital home was appraised at $69,500. The balance of the three outstanding loans is $38,103.27. The parties' equity

in the house is therefore $31,397. The family court in effect awarded the wife $8,200 of this amount. The order states that the court considered the relative fault of the parties in causing the break-up of the marriage and the fact that the court was not requiring the wife to pay support for the minor child in the husband's custody.

Our own consideration of the contribution of the parties to the acquisition of the house, the relative fault of the parties, the contributions of the homemaker spouse, and the lack of a requirement that the wife contribute to the support of the parties' daughter convinces us that the distribution of the marital home was proper. *See Parrott v. Parrott*, 278 S. C. 60, 292 S. E. (2d) 182 (1982); *Bowen v. Bowen*, 280 S. C. 602, 313 S. E. (2d) 362 (S. C. App. 1984); *Hussey v. Hussey*, 280 S. C. 418, 312 S. E. (2d) 267 (S. C. App. 1984); *Smith v. Smith*, 280 S. C. 257, 312 S. E. (2d) 560 (S. C. App. 1984).

Accordingly, for the reasons set forth, the judgment of the family court in this case is

Affirmed in part and remanded in part.

SANDERS, C. J., and GARDNER, J., concur.