0675

JET PARK INTERNATIONAL, a partnership, Appellant v. W. O. THOMAS, Jr., County Treasurer, Respondent.

(343 S. E. (2d) 33)

Court of Appeals

*John Peeples, pro se.*

*A. Arthur Rosenblum,* Charleston, *for respondent.*

Heard Feb. 25, 1986.

Decided April 7, 1986.

GOOLSBY, Judge:

This is an action by Jet Park International, a partnership, for the recovery of real property taxes paid under protest to the respondent W. O. Thomas, Jr., Treasurer of Charleston County. The treasurer demurred to the complaint on the ground the complaint failed to state facts sufficient to constitute a cause of action in that Jet Park failed to show it had exhausted its administrative remedies. The circuit court sustained the demurrer. Jet Park appeals. We affirm.

A demurrer admits all facts that are well pleaded in the complaint, but it does not admit the inferences drawn by the plaintiff from such facts and it does not admit conclusions of law pleaded therein. *Akers v. Hard,* 275 S. C. 100, 267 S. E.

(2d) 536 (1980). A demurrer may be sustained only where the complaint, viewed in a light most favorable to the plaintiff, fails to allege sufficient facts to constitute a cause of action. *Kerby v. Associated Petroleum Carriers, Inc.*, 281 S. C. 622, 316 S. E. (2d) 428 (Ct. App. 1984).

Jet Park, according to the complaint and the attachments which the complaint incorporates, owns property in Charleston County. On July 22, 1983, the county assessor mailed Jet Park an assessment notice. The notice indicated that a change had been made in the appraisal of Jet Park's property in an effort to equalize countywide assessments. The notice also advised Jet Park that it had thirty days within which to serve written notice of any objection it had to the valuation and assessment.

John Peeples, one of Jet Park's partners, attempted to object to the valuation and assessment by writing "NOTICE OF OBJECTION TO APPRAISAL IS HEREBY GIVEN IN WRITING July 29, 1983" on the assessment notice itself and by personally delivering the objection to the assessor's office. When the assessor failed to acknowledge Jet Park's objection, Peeples wrote the assessor on August 17, 1983, to complain.

The assessor responded on September 26, 1983. He informed Peeples that Peeples' letter would be treated as the written objection required by Section 12-43-300 of the South Carolina Code of Laws (Supp. 1985). The assessor also enclosed a partially completed "Application for Review of Appraisal/Assessment for Tax Year 1983." He advised Peeples to complete and return the application on or before October 26, 1983, in order to obtain review of the questioned appraisal.

Nothing in the complaint suggests that Peeples returned a completed application.

The treasurer sent Jet Park a tax notice on November 29, 1983, informing Jet Park it owed $218.02 for the tax year commencing January 1, 1983. Jet Park paid the taxes under protest on January 30, 1984.

Less than a month later, Jet Park brought this action pursuant to Section 12-47-220 of the Code for the recovery of taxes paid under protest.

Jet Park claims it was "denied speedy administrative rem-

edies in violation of law, thus creating an illegal assessment and an illegal and unlawful tax." Jet Park argues the assessor's failure to conduct the conference required by Section 12-43-300 within twenty days of its written objection rendered the tax illegal.

A demurrer to a complaint on the ground that administrative remedies have not been exhausted may be sustained where the complaint reveals the existence of these remedies and a failure to exhaust them. *See Yarborough v. Parker*, 281 S. C. 480, 316 S. E. (2d) 671 (1984); *cf.* 71 C. J. S. *Pleading* § 256a at 493 (1951) (where defect appears on face of a pleading, a demurrer may be used to take advantage of it).

Here, the complaint and its attachments clearly show that the assessor afforded Jet Park an opportunity to protest the valuation and assessment of its property before the treasurer levied the tax and that Jet Park failed to take advantage of the opportunity by completing and returning the review application. The circuit court, therefore, properly sustained the treasurer's demurrer on the ground Jet Park failed to exhaust the administrative remedies by which it could have obtained a review of the assessment made against its property. *See Meredith v. Elliott*, 247 S. C. 335, 147 S. E. (2d) 244 (1966).

We recognize that Section 12-47-220 permits an action for the recovery of illegally collected taxes; however, the failure of the assessor to schedule a conference with Jet Park within twenty days of its written objection to the valuation and assessment of its property did not convert the tax levied by the treasurer into an illegal tax which Jet Park could recover in an action brought pursuant to Section 12-47-220.

Once the assessor failed to schedule a conference with Jet Park on the assessment issue, it was Jet Park's duty to demand and secure the conference by mandamus rather than later pay the tax under protest and then seek to recover the tax paid. *See County Treasurer v. American National Bank & Trust Co.*, 26 Ill. App. (3d) 753, 326 N. E. (2d) 120 (1975); *People v. Goldberg*, 354 Ill. 423, 188 N. E. 428 (1933); 84 C. J. S. *Taxation*, § 513 at 982 (1954); *cf. State v. Adams*, 244 S. C. 323, 137 S. E. (2d) 100 (1964) (ap-

pellant not entitled to have conviction set aside on basis of magistrate's failure to transmit record of trial court to appellate court since appellant required to proceed by mandamus to enforce performance of magistrate's duty to transmit record).[1]

Affirmed.

CURETON, J., and LITTLEJOHN, A. J., concur.

---

[1] Because Jet Park's due process argument was not addressed in its brief, the argument is deemed abandoned. *Sturkie v. Sifly*, 280 S. C. 453, 313 S. E. (2d) 316 (Ct. App. 1984).