1478

Gayle S. RICHMOND, Appellant v. John J. TECKLENBERG, Respondent.

(396 S.E. (2d) 111)

Court of Appeals

*Charles S. Goldberg, David T. Pearlman,* and *J. Kevin Holmes,* all of *Steinberg, Spitz, Goldberg, Pearlman, Holmes & White,* Charleston, and *Randall M. Chastain,* Columbia, *for appellant.*

*Robert N. Rosen,* of *Rosen, Rosen & Hagood,* Charleston, *for respondent.*

*Shirrese E. Brown,* of *David & Schwartz,* Charleston, *for guardian ad litem.*

Heard Feb. 19, 1990.

Decided April 2, 1990.

Order on Rehearing Aug. 22, 1990.

GARDNER, Judge:

The trial judge, in this case, awarded custody of Paula Tecklenberg, aged six at the time, to her father, John Teck-

lenberg. During the trial of the case, the guardian ad litem (GAL) testified, over objection, that in her opinion custody should be awarded to the father and her report was admitted, over objection, into evidence. The report recommended awarding Paula's custody to her father. The objection to both the testimony and the report was that the opinion expressed therein was based on hearsay and that her opinion concerned the ultimate issue before the court. We affirm.

## ISSUE

The only issue of merit is whether the trial judge erred in allowing the GAL, over objection, to give her opinion as to whom custody should be awarded and in receiving, over objection, the written report of the GAL recommending that custody be awarded to the father.

Additionally, the guardian ad litem's attorney moved to increase her hourly fee from that previously agreed upon.

We have carefully reviewed the record before us and affirm the award of custody to the father, with its liberal provisions for visitation by Dr. Gayle S. Richmond (the mother).

## FACTS

The parties agreed in writing to the appointment of Jania Sommers as GAL for Paula. Ms. Sommers employed as her attorney Ms. Shirrese E. Brown, who agreed to work for $50 per hour. Ms. Sommers has a B.S. Degree in Anthropology and Sociology. She has done graduate work but has not received a post-graduate degree. She has worked as a social worker, headed up a state-wide project concerning adult and juvenile handicapped offenders, and presently heads up the volunteer guardian ad litem program in Charleston, South Carolina. She has trained and supervised a significant number of persons to act as guardians ad litem in cases such as this and also child abuse cases. The trial judge, over the objections stated, ruled that Ms. Sommers was not an expert but allowed her to state her opinion as to whom custody should be awarded "based on her experience as a human being who has investigated this case."

There was much conflict about the admission of this evidence. Ms. Sommers reviewed in detail her investigation of the case and thereafter counsel for the mother objected again,

the essence of the objection being that her opinion was based on hearsay and dealt with the ultimate issue to be decided by the court. Her attorney argued that the order appointing the GAL did not authorize a recommendation to the court and argued that it was not the normal function of a GAL to make a recommendation to the court.

## DISCUSSION

### I.

The general rule is that opinion testimony which is determinative of the ultimate fact in issue should be excluded as an invasion of the province of the factfinder. *State v. Moorer*, 241 S.C. 487, 129 S.E. (2d) 330 (1963). This rule, however, is not inflexible. Whether a family court judge should admit the opinion of a duly appointed guardian ad litem or social worker for advisory purposes is within the discretion of the family court judge, provided that full right of cross-examination is afforded. And we so hold.

We hold that the trial judge in this case did not err in overruling the objections to Ms. Sommers' testimony and the admission of her report. The record reflects that the GAL interviewed 41 witnesses; about 20 of whom testified. The names of all the persons interviewed by the GAL were made available to counsel. Each could have been deposed by counsel for the mother. Of course, full right of cross-examination of the testifying witnesses was afforded. We find no error and so hold.

In the case of *West v. West*, 208 S.C. 1, 36 S.E. (2d) 856 (1946), the Supreme Court appointed a guardian ad litem to represent a minor and the order itself provided that the GAL "be appointed as guardian ad litem for the said infant and make her *return and recommendation* to this Court as to the best interest of the infant. . . ."

The Supreme Court in the case of *Crowe v. Lowe*, 256 S.C. 321, 182 S.E. (2d) 310 (1971) impliedly accepted the proposition that the opinion and recommendation of a GAL or social worker might be accepted into evidence provided full right of cross-examination is afforded in order to insure due process. This court in the case of *Collins v. Collins*, 283 S.C. 526, 324 S.E. (2d) 82 (Ct. App. 1984), impliedly recognized the princi-

ple that a GAL might express an opinion as to the ultimate issue involved provided full right of cross-examination is permitted.

## II.

The guardian ad litem's attorney agreed in the first instance to work for $50 per hour. We deny her motion to increase her hourly fee for appeal purposes.

## CONCLUSION

For the above reasons, the appealed order is affirmed.

Affirmed.

BELL and CURETON, JJ., concur.

## ORDER ON PETITION FOR REHEARING

This court granted a Petition for Rehearing on the grounds set forth in paragraphs 5 through 11 of appellant's Petition for Rehearing.

We find the issues of merit presented by the Petition for Rehearing are whether the trial judge erred in (1) holding that the case of *McAlister v. Patterson*, 278 S.C. 481, 299 S.E. (2d) 322 (1982) created a presumption against the removal of a child from Charleston, South Carolina, to Georgetown, South Carolina, (2) failing to consider the separation of siblings as a relevant factor to be considered in awarding custody in this case and (3) failing to consider the mother's remarriage and restoration of moral fitness as a factor to be considered in awarding custody.

We summarily reject the remaining contentions of the Petition.

## FACTS

The mother and father were married on June 8, 1980; their daughter, Paula, was born on August 24, 1982. For the first two years of Paula's life, the mother was in medical school and a residency program. During this time she worked long, grueling hours, sometimes as many as 100 hours per week. Despite her hard work, the mother began an adulterous relationship with her present husband, Bill Richmond. She successfully concealed this adulterous relationship for a long

time. This present action was instituted by the father on November 7, 1984. A *pendente lite* order awarded custody to the mother, but this was changed in October 1985, to a joint custody arrangement.

The mother became pregnant by an adulterous relationship with her present husband in December 1985. She married her present husband in March 1986, shortly after the final divorce decree from the father.

Upon completion of her residency, the mother moved to Georgetown, South Carolina, to practice medicine as an OB/GYN. The mother testified that she intended to have a limited practice. She, however, states that she would make daily rounds at the hospital and have to schedule time for surgery, be available for emergencies and deliver babies. The mother intends to hire a live-in babysitter.

The father is in the oil business and has been so for the past ten years. His testimony is that he would continue living in the same house where Paula had her own bedroom and play-room and had lived for a large part of the previous two years. His testimony is that Paula could attend the same school, the same church and remain in the same neighborhood. The father's home is spacious and in a good neighborhood near many of Paula's first cousins and her paternal grandparents.

The appealed order awarded custody to the father on the basis that it was Paula's best interest that custody be awarded the father. The appealed order, citing *McAlister v. Patterson, supra,* held "it appears to the Court that there is a presumption against removal of a child from his 'familiar surroundings' in a situation such as this. . . . The presumption set forth in *McAlister* requires this Court to grant custody to the father even though without this presumption the Court would still find that it would be in Paula's best interest to remain in Charleston." The trial judge found the father to be dedicated, sincere and able to care for Paula just as he had done during a large part of her life.

Importantly, the mother was awarded visitation privileges every other weekend beginning after school on Friday and ending when she returned Paula to school on Monday morning. The mother was awarded visitation during the summer months except for three days after school ended and the three days before it began.

## I.

We need not address the issue of whether the trial judge erroneously held that the presumption of *McAlister* envisioned a move of 75 miles. Even if his conclusions were erroneous, we hold it to be harmless error. We are convinced that the other findings of fact relating to the welfare of the child contained in the appealed order sufficiently established that Paula's welfare requires that custody be awarded her father. We therefore reject the mother's contention that the appealed order should be reversed because of this holding.

## II.

We also reject the mother's contention that custody should be awarded her because of a child conceived by another man during her marriage to the father. The basic issue for the trial court to determine in a custody case is where the best interest of the child lies. We concur, for the reasons set forth in the appealed order, that it is in the best interest of Paula that custody be awarded to the father with liberal visitations accorded the mother.

## III.

We have given careful consideration to the mother's argument that by marrying the man by whom she became pregnant she restored her moral fitness as a factor to be considered in awarding custody of a child. The appealed order found that the mother was a fit custodian and we agree. Giving no consideration whatsoever to the mother's past indiscretions, it is the opinion of this court that the appealed order reached the proper decision in this case.

We have before us a record of 1,156 pages. Much testimony was received relating to the three issues which we have considered in this rehearing. We have read the testimony and are convinced that the trial judge reached the proper conclusion as to each issue.

Before our initial decision in this case was written and filed, this court made a careful study of the record and listened attentively to full argument on the issues presented. After further detailed study, we are unable to discover any material fact or principle of law which has been either overlooked or disregarded.

For the above reasons, the appealed order is affirmed and the contentions made in the Petition for Rehearing rejected.

Petition denied.