[Cite as *In re R.G.M.*, 2023-Ohio-685.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J. |
| R.G.M (dob 9/13/20) | Hon. Craig R. Baldwin, J. |
| R.G.M. (dob 9/13/20) | Case Nos. CT2022-0046 and 0047 |
|  | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas, Juvenile Division, Case Nos. 22030176 and 22030177 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | March 3, 2023 |

APPEARANCES:

For Appellee MCCS

RON WELCH
PROSECUTING ATTORNEY
JOHN CONNOR DEVER
ASSISTANT PROSECUTOR
27 North Fifth Street, Suite 201
Zanesville, Ohio 43701

Guardian ad Litem

EVAN WAGNER
3970 Brown Park Drive, Suite B
Hilliard, Ohio 43026

For Appellant K.G.

RICHARD D. HIXSON
3808 James Court, Suite 2
Zanesville, Ohio 43701

*Wise, J.*

**{¶1}** Appellant-Mother K.G. appeals the decision of the Muskingum County Court of Common Pleas, Juvenile Division, which granted legal custody of her minor children to their maternal aunt.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** The relevant facts leading to this appeal are as follows:

**{¶3}** Appellant K.G. is the mother of minor children R.G.M. and R.G.M.,

**{¶4}** On September 17, 2020, following an *ex parte* hearing, the minor children were initially placed in the temporary custody of Muskingum County Adult and Child Protective Services.

**{¶5}** A Complaint was filed on the same date alleging the minor children were dependent under R.C. § 2151.04(B) and §2151.04(C). The children were found to be dependent children at the adjudicatory hearing, and temporary custody was continued with Muskingum County Adult and Child Protective Services.

**{¶6}** On March 8, 2021, a motion to grant temporary custody to Amanda McPeak, maternal aunt, was filed by Muskingum County Adult and Child Protective Services.

**{¶7}** On June 15, 2021, a hearing was held on the motion, following which the trial court granted the motion, with protective supervision remaining with the Agency.

**{¶8}** On July 26, 2021, a motion to grant legal custody to Amanda McPeak and terminate protective supervision was filed by the Agency.

**{¶9}** On May 17, 2022, a hearing on the motion was held. At the hearing, the Agency presented testimony from Caseworker Wendy Swartz. As part of her testimony,

Caseworker Swartz testified regarding a psychological evaluation of Appellant-Mother completed by Dr. Gary Wolfgang. Dr. Wolfgang was not present at the hearing. The trial court also had before it the written report of the Guardian ad Litem.

**{¶10}** By Judgment Entry filed May 31, 2022, the trial court granted the motion to grant legal custody to Amanda McPeak and terminated protective supervision.

**{¶11}** Appellant now appeals, raising the following Assignments of Error:

## ASSIGNMENTS OF ERROR

**{¶12}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ALLOWING THE ADMISSION OF DR. WOLFGANG'S PSYCHOLOGICAL REPORT, AS ADMITTING THE REPORT VIOLATED APPELLANT'S RIGHT TO PROCEDURAL DUE PROCESS.

**{¶13}** "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING IT WOULD BE IN THE BEST INTERESTS OF THE CHILDREN TO THEIR MATERNAL AUNT, AMANDA McPEAK, AS SUCH A FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**I.**

**{¶14}** In her first assignment of error, Appellant argues that the trial court's decision to allow the admission of Dr. Wolfgang's psychological report violated her right to procedural due process. We agree.

## STANDARD OF REVIEW

**{¶15}** Unlike in a permanent custody proceeding where a juvenile court's standard of review is by clear and convincing evidence, the court's standard of review in legal custody proceedings is a preponderance of the evidence. *In re S.D.,* 5th Dist. Stark Nos.

2013CA0081, 2013CA0082, 2013-Ohio-5752, ¶ 32; *In re A.C.,* 12th Dist. No. CA2006-12-105, 2007-Ohio-3350 at ¶ 14; *In re Nice*, 141 Ohio App.3d 445, 455, 751 N.E.2d 552 (7th Dist.2001).

**{¶16}** We review the trial court's award of legal custody for an abuse of discretion and recognize that a trial court has broad discretion in proceedings involving the care and custody of children. *In re R.D.J.*, 5th Dist. Delaware No. 12 CAF 07 0046, 2013-Ohio-1999, ¶ 29, *quoting In re Gales*, 10th Dist. No. 03AP-445, 2003-Ohio-6309; *In re Nice*, 141 Ohio App.3d 445, 455, 2001-Ohio-3214, 751 N.E.2d 552; *In re Mullen*, 129 Ohio St.3d 417, 2011-Ohio-3361, ¶ 14.

**{¶17}** Abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**ANALYSIS**

**{¶18}** Appellant herein argues that her right to procedural due process was violated when the trial court admitted Dr. Gary Wolfgang's report into evidence when Dr. Wolfgang was not available for cross-examination by Appellant.

**{¶19}** Appellant relies upon the Ohio Supreme Court case *In re Hoffman*, 97 Ohio St.3d 92, 776 N.E.2d 485, 2002–Ohio–5368, wherein the Court held

> Due process necessitates that appellee should have had the right to cross-examine the guardian ad litem, since the trial court relied upon the report. As such, notwithstanding R.C. 2151.414(C), we hold that in a permanent custody proceeding in which the guardian ad litem's report will be a factor in the trial court's decision, parties to the proceeding have the

right to cross-examine the guardian ad litem concerning the contents of the report and the basis for a custody recommendation. Without these safeguards, there are no measures to ensure the accuracy of the information provided and the credibility of those who made statements.

**{¶20}** The *Hoffman* court reached this decision after considering cases from other states which found, in cases involving non-terminal custody issues, "that due process concerns dictate that parties should be given the opportunity to cross-examine persons who prepare investigative reports for the court's consideration." *Id.* at ¶ 18, 776 N.E.2d 485 et seq. :

> In *Collins v. Collins* (1984), 283 S.C. 526, 324 S.E.2d 82, the wife appealed from the judgment of the court in her divorce action, which granted custody of the parties' daughter to the husband. The wife contended that the court's in camera receipt of the recommendation of the guardian ad litem, and her resulting inability to cross-examine, denied her due process. *Id.* at 528, 324 S.E.2d 82. Although the error was ultimately ruled harmless, the court held, "We believe that the ends of justice are better served by permitting cross-examination of a guardian ad litem. * * * [W]e hold that where the report contains statements of fact, the litigants are entitled to cross-examine the guardian ad litem and any witnesses whose testimony formed the basis of the guardian's recommendation. The family court's failure * * * to permit proper cross-examination is reversible error * * *." *Id.* at 530, 324 S.E.2d 82.

In *Mazur v. Lazarus* (App.D.C.1964), 196 A.2d 477, the court determined that the action of the court in basing its decision, at least in part, on investigative reports without opportunity for the parties to cross-examine the persons who prepared them violated due process requirements. The court expounded, "[T]he courts of this jurisdiction sometimes call to their aid experienced and disinterested trained social workers * * * to make unbias[ed] examinations of the qualifications of those seeking custody of children, and the circumstances of the children themselves. But it has never been the practice to receive such reports after trial, with no opportunity for the parties to read them or to cross-examine the persons who prepared them. There is an obvious and fundamental unfairness in receiving evidence in this manner, for it violates due process requirements. It amounts to a private investigation by the court in assembling or receiving evidence, out of the sight and hearing of the parties, who are thus deprived of the opportunity to test, explain or rebut it." *Id.* at 479.

In *State ex rel. Fisher v. Devins* (1972), 294 Minn. 496, 200 N.W.2d 28, the Supreme Court of Minnesota also upheld **489 the right to cross-examine a probation officer who had prepared a report for custody proceedings. In *Fisher,* a long-term foster mother appealed the decision of the trial court to award custody of a son to the natural mother. *Id.* Specifically, the foster mother contended that she should have been given the opportunity to cross-examine the probation officer who prepared a report relating to custody of the child. *Id.* The court agreed with the foster

mother, stating, "Counsel for appellant was not permitted to cross-examine the probation officer to ascertain the basis for her opinion * * *. Under our decisions it was error to deny appellant's counsel an opportunity to cross-examine the probation officer in order to ascertain the basis of her opinion that the child should be removed from the custody of [the foster mother]." *Id.* at 499–500, 200 N.W.2d 28. The court added, "If the report is to be used as a basis, wholly or in part, for a determination as to what is best for the welfare of the child, the one who made the report should be subject to cross-examination in order to ascertain what it is based on." *Id.* at 501, 200 N.W.2d 28.

Likewise, in *Stanford v. Stanford* (1963), 266 Minn. 250, 258, 123 N.W.2d 187, the court said, "We do not condemn the practice of using court agencies to make investigations and reports on custody questions. Where the sole issue is what will best serve the welfare of the child, such reports are an invaluable aid to the court in determining the question. Their use should be encouraged, but care should be taken to give fair notice of the contents of such reports to the parties involved so as to afford them every opportunity to test the credibility of the reporter through cross-examination or otherwise and to meet or answer every adverse fact or inference included therein."

Finally, in *In re Dolly D.* (1995), 41 Cal.App.4th 440, 48 Cal.Rptr.2d 691, the child was adjudicated a dependent of the juvenile court. The trial court denied the father's request to cross-examine the social worker who

had prepared the report relating to custody. The appellate court reversed the trial court's judgment, stating, "In dependency proceedings, as in other civil proceedings, parties have a due process right to cross-examine and confront witnesses." *Id.* at 444, 48 Cal.Rptr.2d 691.

*In re Hoffman*, 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, ¶¶ 19-23

**{¶21}** Therefore, we find support for application of *Hoffman* exists outside of the termination of parental rights.

**{¶22}** *In re A.K.*, 9th Dist. Summit No. 26291, 2012-Ohio-4430, ¶ 23, the Ninth District Court found the same principles applied to legal custody cases:

Although a disposition of legal custody is less drastic than permanent custody because it does not completely sever parental rights, it "potentially terminates a parent's constitutional right to custody of her child[ren] because that placement " 'is intended to be permanent in nature.' " *In re A.A.,* 9th Dist. No. 25253, 2010–Ohio–5735, ¶ 7, quoting R.C. 2151.42. For that reason, this Court has held that a legal custody proceeding is "sufficiently analogous" to a permanent custody proceeding and that the parents should have the same due process right to cross-examine the guardian ad litem that they would be afforded at a permanent custody hearing. *Id.*

**{¶23}** Upon review of the trial court's decision, we find that the trial court relied upon Dr. Wolfgang's report in making its decision:

4. Ms. Swartz further testified that Mother completed a psychological evaluation with Dr. Gary Wolfgang consisting of four (4) appointments held

on 11-20-20, 11-30-20, 12-7-20 and 1-5-21 and Dr. Wolfgang completed his report on 1-26-21 in which the report indicated that Mother has several mental health conditions, which include obsessive compulsive disorder, PTSD and generalized anxiety disorder; and that Mother would need continued therapy and psychotropic medications to manage said disorders; and that Dr. Wolfgang's evaluation strongly suggests that Mother's anxiety could impair, if not limit completely, Mother's ability to parent her children; and that there are specific concerns that Mother could project her own high level of anxiety and fearfulness onto her children which could result in the children's own anxiety; and that Mother's anxiety could result in her performing tasks in a hapless and helpless manner which could result in the needs of the children being unmet by Mother; and that the prognosis for Mother to make the needed changes to avoid the above scenarios is at best guarded but is probably poor.

**{¶24}** For the same due process considerations as set forth in *Hoffman, supra*, we find Appellant herein should have had the right to cross-examine Dr. Gary Wolfgang, since the trial court relied upon the report in making its decision.

**{¶25}** Appellant's first assignment of error is sustained.

## II.

**{¶26}** In her second assignment of error, Appellant argues that the trial court's finding that it would be in the best interest of the children to grant legal custody to their maternal aunt was against the manifest weight of the evidence.

**{¶27}** Because our disposition of Appellants' first assignment of error requires a reversal of the trial court's judgment and a remand to that court, a decision on Appellant's second assignment of error would be premature at this juncture and is overruled on that basis.

**{¶28}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Muskingum County, Ohio, is hereby reversed and the matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/kw 0302