[No. B091826. Second Dist., Div. Four. Dec. 21, 1995.]

In re DOLLY D., a Minor.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, Petitioner and Respondent, v.
JIMMY D., Objector and Appellant.

**COUNSEL**

Stephanie M. Davis, under appointment by the Court of Appeal, for Objector and Appellant.

De Witt W. Clinton, County Counsel, Sterling Honea, Principal Deputy County Counsel, and Carrie Clarke for Petitioner and Respondent.

## OPINION

**EPSTEIN, Acting P. J.**—Jimmy D. appeals from the order of the superior court declaring his daughter, Dolly D., a dependent child of the juvenile court and taking custody from him. We find that the court's decision to decide the case based only on the social worker's report, and refusing the request of appellant's attorney to cross-examine, denied appellant his right of confrontation. For this reason, we reverse the order.

### FACTUAL AND PROCEDURAL SUMMARY

Dolly D., born February 24, 1994, came to attention of the department of children's services (DCS) when it was reported that her mother, Lucia M., inappropriately disciplined the infant. DCS filed a dependency petition (Welf. & Inst. Code, § 300; all statutory references are to this code unless otherwise noted) on June 10, 1994, alleging in count 1 that: "On several prior occasions, minor's mother disciplined minor age-inappropriately by striking minor with her hand because minor was crying. Such punishment was excessive and caused minor unreasonable pain and suffering." Count 2 alleged that appellant Jimmy D., the minor's father, "is a minor himself, and lacks the maturity and experience to provide minor with proper care and supervision." Appellant was 17 years old at that time, and lived with his parents.

At the June 13 detention hearing, the court detained Dolly in the home of her paternal grandparents, where the father was residing. The court ordered that the minor's parents be referred to parenting classes and individual counseling. The case was set for a pretrial resolution conference (PRC) on July 15, and the minor's parents, who appeared in court after the case was called, were informed of the conference date.

Appellant did not appear at the July 15 PRC, but his appointed counsel was present. The court stated that the father was in "default." DCS asked to set the matter for mediation on August 4, and requested that the father's default be continued to that date. Appellant's counsel agreed to give her client notice.

Appellant appeared for the August 4 mediation, but it did not take place because of a scheduling conflict. The court continued the mediation to

September 13, and counsel for DCS stated that the children's social worker would be on call. The minute order for that date reflects that the case worker was to be on call for the next hearing, and all parties were ordered to return for the next hearing without further order, notice, or subpoena.

Appellant was not present at the September 13 hearing. His attorney met with the mediator, but they were unable to resolve the issues. Appellant's counsel asked that the court set the matter for a "default prove-up" to have the child's social worker available to testify as to harm to the minor from any lack of maturity on the part of appellant. The court refused this request, choosing instead to proceed by way of "default" based on the PRC report submitted by DCS.

The court sustained count 2 of the petition based on the PRC report and on the appellant's failure to appear at the hearings after being ordered back and failing to appear on June 13 and July 15. Mother pled no contest to an amended petition. The minor was found to be a dependent child within the meaning of section 300, subdivision (b), and the matter was continued to October 27 for a contested disposition hearing.

Appellant was in court on that date. The court denied his request to set aside his default and his request that the minor be released to him. Both parents requested a contested disposition.

After two continuances, the disposition hearing was held on February 21, 1995. Mother waived her right to contest the dispositional issues and submitted on the social worker's reports. Appellant was not present. His attorney argued that the minor should be returned to appellant's custody because the evidence presented by DCS did not support a finding by clear and convincing evidence that there is a substantial risk of harm to the minor from placement with the father.

The court found by clear and convincing evidence pursuant to section 361, subdivision (b) that a substantial danger to the physical health of the minor exists, that reasonable efforts were made to prevent or eliminate the need for removing the minor from the home, and that there are no reasonable means to protect the minor without removal. Custody was taken from the parents and the minor was ordered suitably placed in the home of her paternal grandparents, where appellant was given reasonable unmonitored visits with the minor. He appeals from this order.

## DISCUSSION

 Appellant claims he was denied his due process right to a meaningful opportunity to confront and cross-examine when the trial court denied his request for a default prove-up at the jurisdiction hearing.[1] We agree.

In dependency proceedings, as in other civil proceedings, parties have a due process right to cross-examine and confront witnesses. (*In re Malinda S.* (1990) 51 Cal.3d 368, 383 [272 Cal.Rptr. 787, 795 P.2d 1244]; *In re Amy M.* (1991) 232 Cal.App.3d 849, 864 [283 Cal.Rptr. 788]; § 311, subd. (b).) This right is expressed in California Rules of Court, rule 1412(i), which requires the court to advise the child, parent, and guardian in section 300 cases of "(2) The right to confront and cross-examine the persons who prepared reports or documents submitted to the court by the petitioner, and the witnesses called to testify at the hearing. . . ." Rule 1449(b) provides that at the beginning of the jurisdiction hearing, the court must advise the parent or guardian of the right to a hearing by the court on the issues raised by the petition, as well as "[t]he right to confront and to cross-examine all witnesses called to testify against the parent or guardian" and "[t]he right to use the process of the court to compel attendance of witnesses on behalf of the parent or guardian." Rule 1450 addresses the admissibility of evidence at a contested jurisdiction hearing. Subdivision (c) provides: "A social worker's report that contains information relevant to the jurisdiction hearing shall be admissible if, on request of the parent or guardian, the probation officer or social worker is made available to be cross-examined on the contents of the report."

Appellant was not permitted to exercise these due process rights. At the September 13 hearing, the court refused the request of his attorney for a "default prove-up,"[2] and proceeded to determine the jurisdictional issue based on the social worker's report and on the father's failure to appear in

---

[1] At oral argument, respondent argued for the first time that the September 13, 1994, order is not properly before us for review, since appellant's notice of appeal was from the February 21, 1995, order suitably placing the minor. The notice of appeal specifies that the order appealed from was made under section 360, and specifies hearing dates including September 13, 1994. There was no doubt appellant was seeking review of the September 13 order. More importantly, the September 13 order was not separately appealable. In a dependency proceeding, the jurisdictional finding is nonappealable; ". . . the dispositional order is the adjudication of dependency and is the first appealable order in the dependency process." (*In re Sheila B.* (1993) 19 Cal.App.4th 187, 196 [23 Cal.Rptr.2d 482]; *In re Megan B.* (1991) 235 Cal.App.3d 942, 950 [1 Cal.Rptr.2d 177].)

[2] While appellant was not present at this hearing, he was not technically in default within the meaning of Code of Civil Procedure section 585. He had appeared in the action, and his attorney was present at the hearing to represent his interests. We find no special rule for default applicable to dependency court proceedings. Counsel for the appellant informs us, in

court on that date. By refusing the "prove-up" hearing, the court denied appellant his right to confront and cross-examine the social worker who prepared the PRC report. This is a clear violation of his rights.

The court's action was based, it seems, on appellant's failure to appear at that hearing. His attorney explained that his absence was due to his inability to get off work to attend the hearing. We do not condone appellant's failure to attend a hearing so vital to the interests of his child, and we are not impressed with the excuse put forward. But while appellant was not personally present, he was represented by counsel, and his attorney was present and prepared to examine the witness on his behalf. ■ The general rule is that personal appearance by a party at a civil proceeding is not essential; appearance by an attorney is sufficient and equally effective. (*Taylor* v. *Bell* (1971) 21 Cal.App.3d 1002, 1008 [98 Cal.Rptr. 855]; *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 504 [120 Cal.Rptr. 176]; see fn. 1, *ante*.) ■ We shall assume, however, that the court was authorized to order him to attend the hearing, as it did. (But see *Silvagni* v. *Superior Court* (1958) 157 Cal.App.2d 287, 291 [321 P.2d 15].) His disobedience of that order, if his conduct may be so characterized, does not mean that his attorney could not cross-examine the key DCS witness.

The local rules of the Los Angeles Superior Court governing dependency proceedings discuss the impact of a party's failure to appear at various stages of a dependency proceeding. Section 30 of the Dependency Proceedings Manual of the Los Angeles County Superior Court provides: "The best interests of the child and the legislative intent requires that juvenile dependency proceedings proceed in a timely manner. Accordingly, it is court policy that matters proceed as scheduled on the date set. Parties who appear at proceedings will be advised that their failure to appear at a future hearing may result in the court proceeding in their absence on that date and that such proceedings may result in a ruling against them. Such adverse ruling may include, but is not limited to: [¶] A. Jurisdictional finding that a child comes within the provisions of Section 300, Welfare and Institutions Code; [¶] B. Disposition order requiring out-of-home placement of a child; [¶] C. Establishment of a plan for termination of parental rights, adoption, guardianship or long-term foster care. [¶] Parents and parties appearing at the arraignment and detention hearing and the Pretrial Resolution Conference or Mediation Conference will be orally advised of this policy. The advisement will be reflected in the minute order."

Section 31 of the Dependency Proceedings Manual of the Los Angeles County Superior Court, which addresses mediation, provides in subdivision

---

a declaration, that the use of the default language is a matter of custom in the Los Angeles courts sitting in dependency cases. In any case, the references to "default" and to a "default prove-up" appear to be unfortunate and inaccurate, and probably misleading.

(B)(4) that "[t]he participation of parents, children (if appropriate), Department of Children's Services Mediation Court Officers, Court-appointed Special Advocates and all counsel is required at all Mediation Conferences." That section also provides: "Failure of any party or counsel to comply with any court order described in these procedures—including attendance at a mediation conference and timely submission of social studies—may result in the imposition of sanctions upon written motion of another party or upon motion of the court." In addition, "At the time a Mediation Conference or Pretrial Resolution Conference is ordered, parties will be advised that their failure to appear at the conference without good cause may result in setting the case for a contested hearing." Subdivision (H) provides: "No continuance of the mediation conference will be granted due to the failure of parties to appear if proper notice or oral direction was given by the judicial officer at the arraignment and detention hearing and good cause for the failure to appear is not shown."

The consequences of a parent's failure to appear at a scheduled hearing or conference described in these local rules do not include the deprivation of the due process right to confront and cross-examine witnesses. Nor could they.

The fact that appellant did not request that the social worker be present for cross-examination at the hearing is no obstacle in this case. On August 4, when the court continued the mediation hearing to September 13, DCS indicated, and the court ordered, that the children's social worker was to be on call for the September 13 hearing. No further action was required by appellant under those circumstances. (See Super. Ct. L.A. County, Dependency Proc. Manual, § 31, subds. (B), (I); *id.*, § 33, subd. (B).)

Having concluded that appellant was deprived of his due process right to confront and cross-examine witnesses, we must consider whether this error was harmless beyond a reasonable doubt. (See *In re Amy M., supra*, 232 Cal.App.3d 849, 867-868; *Arizona* v. *Fulminante* (1991) 499 U.S. 279 [113 L.Ed.2d 302, 111 S.Ct. 1246].) The sole evidence regarding appellant was contained in the PRC report. The report contained the mother's statement to the social worker with regard to the father: " 'I don't think that he (father) will provide for the baby. He's supposed to care for her (minor) not his parents. He does not care.' "

Also reported was the father's statement to the social worker: " 'I think that what she (mother) did was not right. She (minor) won't understand. You have to treat the baby carefully.' Father denies seeing minor's mother hit minor and stated, 'I was not there that much time. I don't know what would

have happened if I seen her hit the baby. I would say something at least.' Father stated that she probably hit the baby because she had a lot on her mind and that mother gets mad for anything. As to Count II, father stated, 'I agree with that. I don't have the experience, but in my opinion I feel that I do have experience with little kids because I like them.' He feels that many people don't understand them but he does. Father stated, 'I just want the baby to stay here.' Father feels that the minor will receive more love there with his family than with her mother."

The social worker's evaluation indicated that "Minor's mother is 18 years of age and minor's father is 17 years of age. Both parents lack the maturity and experience necessary to raise a child without intervention." The report also indicated that "Minor's parents are young and lack maturity and experience necessary to care for a small child without using inappropriate methods of discipline at this time. Parents need to complete a course in parent education prior to returning minor to their care."

The social worker's evaluation is highly conclusory with regard to whether there would be a substantial risk of harm to the minor if she is placed in the father's custody. She provided no factual basis other than the father's chronological age for her statement regarding his lack of maturity. Cross-examination of the social worker could have demonstrated the lack of support for her statements. Given the lack of other evidence to support the trial court's determination, we cannot conclude beyond a reasonable doubt that the error was harmless.

### DISPOSITION

The order of the trial court is reversed and the cause remanded for further proceedings.

Vogel (C. S.), J., and Hastings, J., concurred.