[No. B178480. Second Dist., Div. Seven. July 28, 2005.]

In re WILFORD J., JR., et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v.
WILFORD J., SR., Defendant and Appellant.

COUNSEL

Deborah Dentler, under appointment by the Court of Appeal, for Defendant and Appellant.

Raymond G. Fortner, Jr., County Counsel, Larry Cory, Assistant County Counsel and Frank J. Da Vanzo, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**PERLUSS, P. J.—**

■ *"A parent's fundamental right to adequate notice and the opportunity to be heard in dependency matters involving potential deprivation of the parental interest [citation] has little, if any, value unless the parent is advised of the nature of the hearing giving rise to that opportunity, including what will be decided therein. Only with adequate advisement can one choose to appear or not, to prepare or not, and to defend or not."* (*In re Stacy T.* (1997) 52 Cal.App.4th 1415, 1424 [61 Cal.Rptr.2d 319], italics added.)

In accordance with the general practice followed by many dependency bench officers in the Los Angeles Superior Court, at the conclusion of the detention hearing held for Wilford J., Sr.'s three children, the juvenile court scheduled a pretrial resolution conference (PRC)—a settlement and status conference—and ordered the Los Angeles County Department of Children and Family Services (Department) to prepare a social study. Wilford J., who did not appear at the detention hearing, was sent a generic notice of hearing on petition, advising him that a petition had been filed on behalf of his three sons and that a hearing would be held on April 27, 2004, at 8:30 a.m. Although the notice also informed Wilford J. that he had the right to be present at the hearing, to present evidence and to be represented by an attorney, as well as that the court may proceed with this hearing whether or not he was present, it did not advise him that the scheduled hearing was a PRC and omitted entirely any description of the nature of the proceedings that would take place on the date scheduled.

When Wilford J., who was not represented at that time by either retained or appointed counsel, did not appear at the PRC, the juvenile court proceeded immediately to conduct a jurisdictional hearing, finding the allegations in the

dependency petition true based on the information contained in the social study and attachments filed by the Department on the morning of the PRC. On appeal from the disposition order entered at a subsequent hearing, Wilford J. contends the juvenile court violated his fundamental right to adequate notice in dependency proceedings by conducting a jurisdictional hearing that had not been scheduled or properly noticed. We agree: Converting a noticed PRC into an unscheduled jurisdictional hearing, absent appropriate waivers from the parties or their counsel, deprives parents of vitally important procedural protections that are essential to ensure the fairness of dependency proceedings. Nonetheless, because in this case Wilford J. participated with counsel in a number of hearings after the improperly noticed jurisdictional hearing without raising the issue, we affirm the juvenile court's orders.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Petition*

On March 29, 2004, the Department filed a petition pursuant to Welfare and Institutions Code section 300[1] to declare Wilford J.'s three children, Wilford J., Jr. (11 years old), Rashad J. (10 years old) and Christopher J. (9 years old) dependent children of the court and requested the juvenile court issue protective custody warrants for the children, who were described as being "at large with father." The petition alleged the children had failed to attend school regularly and, when they did attend, were often filthy, smelling of urine and feces. The petition further alleged the children had been exposed to violent physical confrontations between their father and their mother, who no longer lived with them, and that Wilford J. had rebuffed the Department's previous attempts to assist the family.

### 2. *The Detention Hearing*

Although Wilford J. was sent notice of the detention hearing via telegram, neither he nor his children appeared in court. At the hearing, after finding Wilford J. to be the children's presumed father, the court held that a prima facie case for detention had been established pursuant to section 319 and issued protective custody warrants for the children. The court set a PRC for April 27, 2004, directed the Department to prepare a social study and issued a minute order reflecting its rulings. The children were found two days later at Wilford J.'s home and taken into protective custody.

---

[1] Statutory references are to the Welfare and Institutions Code.

### 3. *Notice of the PRC*

On April 14, 2004, the Department sent Wilford J., via certified mail to his last known address, a "Notice of Hearing on Petition." The notice, a standard preprinted Department form, advised Wilford J. that (a) a petition had been filed on behalf of his children; (b) a hearing was to take place on April 27, 2004; (c) he had the right to be present at the hearing, to be represented by counsel or have counsel appointed and to present evidence; and (d) the court could proceed in his absence.[2] The notice did not identify either the formal name of the hearing that would occur on April 27, 2004 (a pretrial resolution conference), or contain an explanation of the nature of the proceeding scheduled for that date (a settlement conference). On the certified mail receipt kept by the Department, a handwritten notation reads: "4/27/04 PRC." The report prepared by the Department for the April 27, 2004 hearing, although entitled a jurisdiction/disposition report, also identified the "Hearing Type" as a "Settlement/Pre-Trial Conference."

### 4. *Adjudication of the Petition Immediately Following the PRC*

On April 27, 2004, the children appeared in court, and counsel was appointed to represent them. The children's mother and her counsel, appointed for her when she attended the detention hearing, were also present. Wilford J. did not appear and was not represented.

The court noted at the outset of the hearing that "[t]he matter is here for what we call a pretrial resolution conference on a petition which was filed March 29 of 2004." After the children's mother stated she did not dispute any of the allegations contained in the petition, the court found Wilford J. had been given notice "as required by law" and proceeded to adjudicate the petition.[3] The court sustained each of the allegations in the petition based on the Department's April 27, 2004 report and its attachments and set a disposition hearing for May 26, 2004.

---

[2] Although Wilford J. insists there is no evidence the Notice of Hearing on Petition was properly served on him, the record on appeal contains a satisfactory proof of service reflecting the notice was served on Wilford J. via certified mail on April 14, 2004. (See § 291, subd. (e)(1) [requiring notice to parent to be served by personal service or certified mail when parent was not present at initial hearing]; Evid. Code, § 641 [letter correctly addressed and properly mailed is presumed to have been received].) There is also evidence that Wilford J. refused to accept delivery.

[3] In fact, because the children were residing with Wilford J., all of the allegations in the petition of misconduct that placed the children at risk were directed to him; the mother was, in effect, a nonoffending parent. Accordingly, her acquiescence to the petition was irrelevant to the proceedings.

### 5. *The Disposition Hearing*

Wilford J. appeared at the original disposition hearing on May 26, 2004, and counsel was appointed for him at that time. Following several continuances and a contested hearing, the court declared all three children dependents of the court and ordered (a) their placement with their maternal grandmother; (b) monitored visitation for Wilford J. and unmonitored visitation for the children's mother; (c) domestic violence counseling for both parents; and (d) family reunification services. Neither Wilford J. nor his counsel raised the issue of improper notice for the jurisdictional hearing at any of these disposition hearings. Rather, his objections were directed solely to the Department's recommendation that the children be placed with their maternal grandmother and to the court's counseling orders.

## DISCUSSION

### 1. *Jurisdictional Hearings Must Be Scheduled and Properly Noticed*

■  After a petition is filed seeking to have a child declared a dependent of the court, the juvenile court must set a jurisdictional hearing within a specified period. (§ 334 [jurisdictional hearing must be set within 30 days of filing of petition if children are not detained; if detained, within 15 court days of the date of the judicial order directing the children be detained]; Cal. Rules of Court, rule 1442(f).) Once the jurisdictional hearing has been set, notice must be given to the appropriate parties (§ 291, subd. (a)) and must include, among other things, the date, time and place of the proceeding and a statement of the "nature of the hearing." (§ 291, subd. (d)(1)–(5).)

■  Following the filing of a section 300 petition and holding a detention (or initial) hearing, the court may schedule a PRC with the aim of resolving the issues presented in the petition. (See § 291 [governing notice of pretrial proceedings]; Super. Ct. L.A. County, Local Rules, rule 17.22(b)(1) [parties and counsel must report directly to the assigned courtroom for the PRC].[4]) If a settlement is reached at the PRC, under the procedures adopted by the Los Angeles Superior Court, a written case plan, signed by the parents, is prepared for submission to the juvenile court bench officer for review and approval. (See Local Rule 17.22(b)(1).) If no settlement is reached and mediation or further settlement discussions are not requested, a contested

---

[4] References to Local Rule or Local Rules are to the Local Rules of the Superior Court of Los Angeles County.

hearing must be scheduled with the court. (See Local Rule 17.22 (b)(2).)[5] Although the failure to respond to a court order to attend a PRC may serve as the basis for an award of sanctions (Local Rule 17.22(a); see Code Civ. Proc., § 177.5), nonappearance at a PRC does not justify conducting an entirely different proceeding or entry of the absent party's "default" on the allegations of the section 300 petition. (*In re Nemis M.* (1996) 50 Cal.App.4th 1344, 1352 [58 Cal.Rptr.2d 324] ["A parent who is ordered to appear in court and who willfully fails to appear is in contempt not 'in default.' "]; see *In re Dolly D.* (1995) 41 Cal.App.4th 440, 446 [48 Cal.Rptr.2d 691] [consequences of a parent's failure to appear at a scheduled hearing or conference do not include deprivation of due process rights].) Indeed, the juvenile court's own Local Rules provide that the parties are to be advised that their failure to attend a PRC without good cause "may result in *setting* the case for a contested hearing or a default proceeding" (Local Rule 17.22(a), italics added), not that their absence may result in the immediate adjudication of the dependency petition.

Here, in accordance with a recurring practice in the Los Angeles Superior Court dependency departments, the court did not set a jurisdictional hearing, nor did it advise the parties that failure to appear at the PRC could result in setting of the matter for a contested adjudication, let alone that nonappearance would be treated as a waiver of the absent party's right to participate in any way in the adjudication of the petition. Yet, upon being told that Wilford J. was not present, the juvenile court made findings that Wilford J. had been given notice "as required by law" and immediately proceeded to adjudicate the petition. The court's finding of proper notice was plainly erroneous: The notice served on Wilford J. via certified mail merely stated that "a hearing" would be held on April 27, 2004. Nothing in the notice identified the nature of that hearing, as expressly required by section 291, subdivision (d)(2).[6] Had Wilford J. contacted the court to inquire about the hearing, he would have been told, based on the court's March 28, 2004 minute order, that a PRC was scheduled for April 27, 2004, nothing more. The Department certainly believed the April 27, 2004 hearing was a PRC, identifying it as such both in its report prepared in anticipation of the proceeding and in its notation on the receipt of the certified mailing of the notice of hearing. Because it failed to identify the nature of the hearing, as

---

[5] With the approval of the juvenile court, the parties could resolve all issues that would be addressed at the jurisdictional hearing and set only a contested disposition hearing.

[6] We leave to another case and another day the question whether section 291, subdivision (d)(2)'s requirement that notice include the "nature of the hearing" is satisfied by specifying the name of the proceeding that will occur (pretrial resolution conference or jurisdictional hearing) or whether something more descriptive of what will actually occur must be included (a settlement conference will be held or the court will determine whether the allegations in the petition are true).

required by section 291, subdivision (d)(2), the notice sent to Wilford J. was inadequate even for purposes of the scheduled PRC. That generic form of notice cannot possibly satisfy the notice requirement for an as-yet *unscheduled* jurisdictional hearing.

■ The Department insists, rather disingenuously, that the written notice of hearing served on Wilford J. was sufficient to apprise him of the "nature of the hearing" because it informed him that the April 27, 2004 hearing would be "on the petition," that evidence could be presented and that the hearing would proceed even in his absence. Contrary to the Department's suggestion, neither entitling the notice "Notice of Hearing on Petition" nor advising that evidence may be presented and that the hearing could proceed whether or not the parent appears is sufficient to apprise a parent that the hearing to take place is to adjudicate the truth of the allegations of a dependency petition. The pretrial, jurisdictional and disposition hearings are all essentially hearings "on the petition." In requiring the nature of the hearing be specified in the notice, section 291 implicitly directs that the notice specify which one of those hearings is to take place. The notice given to Wilford J., which mentioned neither a PRC nor a jurisdictional hearing, was wholly deficient in this regard.[7]

Reinforcing the statutory notice requirements, a parent whose child may be found subject to the dependency jurisdiction of the court enjoys a due process right to be informed of the nature of the hearing, as well as the allegations upon which the deprivation of custody is predicated, in order that he or she may make an informed decision whether to appear and contest the allegations. (*In re B. G.* (1974) 11 Cal.3d 679, 688–689 [114 Cal.Rptr. 444, 523 P.2d 244]; see also *id.* at p. 688 ["[T]he interest of a parent in the companionship, care, custody, and management of his [or her] children is a compelling one, ranked among the most basic of civil rights. [Citations.]"]; *In re O. S.* (2002) 102 Cal.App.4th 1402, 1408 [126 Cal.Rptr.2d 571] [the right to be heard has " ' "little reality or worth unless one is informed that the matter is pending and can choose for himself [or herself] whether to appear or default, acquiesce or contest." ' [Citations.]"].) Without a statement of the nature of the hearing, the advisement that evidence may be taken and a ruling

---

[7] Form JV-280 adopted by the Judicial Council for use in providing notice of dependency review hearings (§§ 366.21, subds. (e) & (f), 366.22) permits the user to check a box to identify whether the hearing is for a six-month, 12-month, 18-month or other review and to indicate the basic nature of the social worker's recommendation regarding the children under the juvenile court's jurisdiction. No similar Judicial Council form has been prepared to assist in implementing the notice requirements of section 291 with respect to PRC's, jurisdictional and disposition hearings.

issued in his or her absence does little to inform the parent of the nature of the hearing or afford a meaningful opportunity for making an informed choice whether or not to appear. (*In re Stacy T.*, *supra*, 52 Cal.App.4th at p. 1424.)

■ The Department's suggestion that Wilford J. waived the deficiencies in the notice when he refused to accept delivery of the certified letter is also baseless. Wilford J.'s failure to accept delivery of the notice does not render it any less deficient, nor does it constitute an effective waiver of his right to adequate notice. (See § 291, subd. (f) ["Any of the notices required to be given under this section or Sections 290.1 and 290.2 may be waived by a party in person or through his or her attorney, or by a signed written waiver filed on or before the date scheduled for the hearing."].) Simply stated, a parent's absence from a properly noticed PRC hearing (which, of course, this was not) cannot, as a matter of statutory and constitutional law, result in an informed waiver of his or her right to contest the court's jurisdiction over his or her children in an unset and unnoticed jurisdictional hearing. (See *In re Dolly D.*, *supra*, 41 Cal.App.4th at p. 446.)

We are not the first court to disapprove the practice of proceeding from a failed PRC to an unscheduled jurisdictional hearing without regard for an absent parent's fundamental rights. In *In re Dolly D.*, *supra*, 41 Cal.App.4th 440, the father failed to appear at a continued mediation hearing notwithstanding a court order to do so. His counsel asked the court to set the matter for a " 'default prove up' " to permit him to cross-examine the child's social worker. The juvenile court refused, immediately adjudicating the petition based on the PRC report. Division Four of this court reversed, holding that the juvenile court had infringed on the father's due process right to confront and cross-examine the social worker who had prepared the PRC report. (*Id.* at pp. 444–446; accord, *In re Nemis M.*, *supra*, 50 Cal.App.4th at p. 1352.) Similarly, in *In re Stacy T.*, *supra*, 52 Cal.App.4th at page 1418, what began as a scheduled settlement conference resulted in a jurisdictional and disposition hearing when the mother failed to appear. The Court of Appeal reversed because the mother had not been advised of the consequences of not appearing and because resolving the jurisdictional and dispositional issues in her absence (and over her attorney's objection) deprived her of her due process right to confront and cross-examine the social worker who had prepared the report upon which the juvenile court based its orders. (*Id.* at pp. 1421–1422.)

■ The persistence of the practice of conducting unscheduled jurisdictional hearings following the nonappearance of a parent at a mediation or settlement conference appears to be an understandable, but mistaken, effort to

implement the well-founded principle that the best interests of the children demand that dependency proceedings move forward in a timely manner. (See Local Rule 17.21 ["The best interests of the child and the legislative intent require that juvenile dependency proceedings proceed in a timely manner. Accordingly, it is court policy that matters proceed as scheduled on the date set."].)[8] The commendable goal of efficiently proceeding in dependency cases, however, cannot be accomplished by sacrificing a parent's due process and statutory rights to meaningful notice. One solution to this apparent dilemma, apparently used in at least some of the dependency courts in Los Angeles, would be to actually set both the PRC and the jurisdictional hearing for the same date and provide all parties with proper notice (including all of the informational items required by section 291) as to both hearings.[9] The dual nature of the scheduled proceedings should be made clear in both the court's orders and in the notice provided to the parties. (See §§ 334 [setting the jurisdictional hearing], 291 [noticing PRC and jurisdictional hearing]; see also Cal. Judges Benchguide 100: Juvenile Dependency Initial or Detention Hearing (CJER rev. 2003) § 100.50 [when court sets settlement conference and uncontested jurisdictional hearing together, it "should make clear that, whatever this conference is called, it is also a jurisdictional hearing, and the court will be able to make jurisdictional findings even if the parties fail to appear."].) Absent the proper setting and notice of the jurisdictional hearing, or an express waiver of a party's right to section 291 notice (§ 291, subd. (f)), it is error for the court to adjudicate the petition at the conclusion of the PRC.

---

[8] Local Rule 17.21 requires the juvenile court to advise the parties that their failure to appear at future hearings may result in the court proceeding in their absence and that "such proceedings may result in a ruling against them. . . ." The reporter's transcript in this case does not reflect that the court gave this required advisement (although Wilford J., of course, was not present at either the detention hearing or the PRC); nor does it appear in the court's minute orders as mandated by the local rules.

[9] Although the problem identified in this case may be resolved simply by setting the jurisdictional hearing along with the PRC and giving proper notice to the parties as to both hearings, we recognize there are certain practical difficulties inherent in this approach. For example, section 355 requires the social study prepared by the Department to be provided to the parent within a reasonable time before the jurisdictional hearing. Those reports, typically completed a day or two before the PRC, may not be prepared sufficiently in advance of the scheduled date for the hearings, thus requiring a continuance of the jurisdictional hearing in any event. (§ 355, subd. (b)(3) [court may grant reasonable continuance upon request by any party if social study is not provided to the parties or their counsel with reasonable time before hearing].) In addition, the parties may need to subpoena witnesses for a contested adjudication that may not occur if a settlement is reached at the PRC. Rather than conserving resources of both the parties and the court, setting the jurisdictional hearing concurrently with the PRC may have the opposite effect. Whether and to what extent those problems will arise and the practical solutions that may be developed to respond to them are more properly addressed in the first instance in the juvenile court.

## 2. *Wilford J. Has Forfeited His Right to Challenge the Jurisdictional Order*

■ An appellate court ordinarily will not consider challenges based on procedural defects or erroneous rulings where an objection could have been but was not made in the trial court. (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184–185, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261].) Dependency cases are not exempt from this forfeiture doctrine. (*In re S. B.* (2004) 32 Cal.4th 1287, 1293 [13 Cal.Rptr.3d 786, 90 P.3d 746]; *In re Dakota S.* (2000) 85 Cal.App.4th 494, 502 [102 Cal.Rptr.2d 196].) The purpose of the forfeiture rule is to encourage parties to bring errors to the attention of the juvenile court so that they may be corrected. (*In re S. B.*, at p. 1293.) Although forfeiture is not automatic, and the appellate court has discretion to excuse a party's failure to properly raise an issue in a timely fashion (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 [69 Cal.Rptr.2d 917, 948 P.2d 429]), in dependency proceedings, where the well-being of the child and stability of placement is of paramount importance, that discretion "should be exercised rarely and only in cases presenting an important legal issue." (*In re S. B.*, at p. 1293.)

■ A defect in notice, as we have discussed, is a most serious issue, potentially jeopardizing the integrity of the entire judicial process. However, when a parent had the opportunity to present that issue to the juvenile court and failed to do so, appellate courts routinely refuse to exercise their limited discretion to consider the matter on appeal. This is precisely because defective notice and the consequences flowing from it may easily be corrected if promptly raised in the juvenile court. (*In re B. G., supra,* 11 Cal.3d at p. 689.) For example, in *In re B. G.*, the Supreme Court held that a mother had received inadequate notice of a jurisdictional hearing, but concluded she had forfeited her right to raise that issue on appeal when she appeared at subsequent hearings with her counsel in the juvenile court yet failed to challenge the validity of the jurisdictional order. (*Ibid.*; see also *Marlene M. v. Superior Court* (2000) 80 Cal.App.4th 1139, 1149 [96 Cal.Rptr.2d 104] [mother waived lack of notice argument by failure to object in juvenile court]; *In re Lukas B.* (2000) 79 Cal.App.4th 1145, 1152 [94 Cal.Rptr.2d 693].)

Notwithstanding the juvenile court's error in proceeding with the unscheduled jurisdictional hearing, Wilford J. appeared with counsel at subsequent disposition hearings and had the opportunity during each one to challenge the court's earlier finding that notice had been properly given. He did not and thus deprived the juvenile court of the opportunity to correct the mistake. (*In re S. B., supra,* 32 Cal.4th at p. 1293.) Accordingly, he has forfeited that issue on appeal. (*In re B. G., supra,* 11 Cal.3d at p. 689; *Marlene M. v. Superior Court, supra,* 80 Cal.App.4th at p. 1149.)

## DISPOSITION

The orders are affirmed.[10]

Woods, J., and Zelon, J., concurred.

---

[10] Wilford J. also claims he was given insufficient notice of the initial detention hearing. For the same reasons, that argument has been forfeited by his failure to raise it in the juvenile court and, in any event, has been mooted by subsequent proceedings.