Filed 9/23/13  In re Shawn M. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re SHAWN M. et al., Persons Coming Under the Juvenile Court Law. | B245323 |
| | (Los Angeles County Super. Ct. No. CK95071) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| SHAWN M., SR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Margaret Henry, Judge.  Affirmed.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel and Kim Nemoy, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

Shawn M., Sr. (Father) appeals from the juvenile court's jurisdiction findings and disposition order removing his three children, three-year-old Shawn M., two-year-old Michael M. and one-year-old Elizabeth M., and placing them under the supervision of the Los Angeles County Department of Children and Family Services (Department), contending the findings and order are not supported by substantial evidence. He also contends the Department violated his due process right to notice when it amended the section 300 petition[1] at the contested jurisdiction hearing to add an allegation he had physically abused Michael. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Dependency Petition*

On August 17, 2012 the Department filed a section 300 petition on behalf of Shawn, Michael and Elizabeth alleging Father had choked then two-year-old Shawn when Shawn failed to stop crying, causing him to suffer unreasonable pain and suffering; Crystal T., the children's mother, failed to protect Shawn from Father's abuse; and Father's abusive behavior toward Shawn and Crystal's fear of Father placed Shawn's siblings, Michael and Elizabeth, at substantial risk of suffering physical and emotional harm. (§ 300, subds. (a), (b) & (j).) The court detained the three children and placed them under the supervision of the Department pending further hearing. The court ordered monitored visitation for both parents.

2. *The Jurisdiction and Disposition Hearing*

At the contested jurisdiction hearing on October 4, 2012 the Department filed an amended section 300 petition, adding allegations that Father had a long-standing history of unaddressed mental health problems and his conduct endangered the children's physical safety and emotional well-being. The Department also added a new allegation that Father's criminal history, including convictions for attempted murder and voluntary manslaughter in 1992, endangered the children's safety. At the request of Father and his

---

[1] Statutory references are to the Welfare and Institutions Code.

counsel, the court appointed new counsel for Father and continued the contested jurisdiction hearing to October 25, 2012.

On October 25, 2012 the Department filed a second amended petition, repeating the prior allegations and adding a new allegation that Father had physically abused Shawn by striking him in the face, causing bruising to his cheek. Father did not object to the new petition on notice grounds or request a further continuance of the hearing. He waived reading of the second amended petition and submitted on the evidence presented by the Department.

The Department reported it had received a call from Crystal's father (the children's maternal grandfather) on August 12, 2012 informing it that Crystal had urgently requested his assistance to leave the home she shared with Father and their children because she feared for her and the children's safety. Crystal told the maternal grandfather that Father had choked Shawn while the family was together at a Los Angeles courthouse for a hearing in an unrelated unlawful detainer lawsuit because Shawn would not stop crying. On August 13, 2012 Crystal confirmed the incident to the Department case worker who was investigating the referral. Later, however, when Father accompanied her to a meeting with social workers at the Department, Crystal recanted her story and denied Father had choked Shawn. She also denied she had previously confirmed the report of abuse.

The Department also submitted a police report of the August 12, 2012 incident. Crystal reported to police Father had choked Shawn because he would not stop crying. Crystal explained she had not witnessed the choking, but maintained it was clear from the marks on Shawn's neck immediately following the incident that Father had choked him. Crystal told the police she wanted to obtain a restraining order against Father and requested their assistance in getting Father to turn over custody of Michael so she could leave the home with all of her children. Crystal stated Father had been physically and verbally abusive throughout their relationship, but she had not reported it before this incident because they "have three kids together."

3

The Department further reported Father had been diagnosed with paranoid schizophrenia and prescribed medication, which he admitted he did not take regularly. Crystal told social workers Father had trouble obtaining his medication. The Department's social workers also reported, during the pendency of these dependency proceedings, Father had repeatedly threatened to kill them for interfering in his relationship with his children and had also threatened to kill Elizabeth's foster mother, who eventually asked that Elizabeth be removed from her care because of Father's ongoing threats. A psychological evaluation of Father on August 21, 2012 concluded Father was in need of a full psychiatric evaluation for medication and therapy to manage his schizophrenia.

To support the newly added allegation Father had struck Shawn in the face, the Department submitted a colored photograph allegedly depicting Shawn with finger-shaped bruising on his cheek. Father's counsel clarified at the outset of argument the photograph was of Michael, not Shawn. Father did not object to the photograph being introduced into evidence provided it was properly characterized as a photograph of Michael. The Department then made an offer of proof that Crystal had sent the photograph to her brother to show him Michael's injuries caused by Father. Counsel for the children agreed the photograph depicted Michael and, along with the Department, requested, without objection, the petition be amended by interlineations to conform to proof. The court granted the request and permitted the amendment alleging Father had struck Michael in the face.

Father and Crystal argued the evidence was insufficient to support jurisdiction. They maintained statements from Crystal's family were inherently unreliable: Crystal alleged her father had molested her and her brother while they were minors in his care and now he and her mother wanted custody of Crystal's children. They both denied Father had choked Shawn and noted there was no evidence of any injury to Shawn to support the allegation. Father also argued the photograph of Michael did not show any injury to Michael.

4

Counsel for the children urged the court to dismiss allegations of Father's past criminal history on the ground it was too attenuated but otherwise urged the court to sustain the allegations in the second amended petition.

3. *The Jurisdiction Findings and Disposition Order*

The juvenile court dismissed allegations of Father's past criminal history and sustained the remaining allegations, finding the children were persons described by section 300. The court declared them dependent children of the court, finding a substantial risk to their physical and emotional safety and well-being existed if they were returned to their parents' custody. The court ordered the children suitably placed under the supervision of the Department and directed the Department to continue to evaluate paternal relatives for possible placement. In addition, the court ordered family reunification services and monitored visitation for both parents and ordered Father to undergo a full psychiatric evaluation, take all prescribed medicine and complete domestic violence and anger management classes.

**DISCUSSION**

1. *Standard of Review*

We review the juvenile court's jurisdiction findings and disposition order for substantial evidence. (*In re David M.* (2005) 134 Cal.App.4th 822, 828; *In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1654.) We examine the whole record in the light most favorable to the findings and conclusions of the juvenile court and defer to that court on all issues of credibility. (*In re Savannah M.* (2005) 131 Cal.App.4th 1387, 1393; *In re Tania S.* (1992) 5 Cal.App.4th 728, 733-734.) We determine only whether there is any substantial evidence, contradicted or uncontradicted, that supports the court's order, resolving all conflicts in support of the determination and indulging all legitimate inferences to uphold the court's order. (*In re Katrina C.* (1988) 201 Cal.App.3d 540, 547; *In re John V.* (1992) 5 Cal.App.4th 1201, 1212; *In re Eric B.* (1987) 189 Cal.App.3d 996, 1004-1005.) "However, substantial evidence is not synonymous with any evidence. [Citations.] A decision supported by a mere scintilla of evidence need not be affirmed on appeal. [Citation.] Furthermore, '[w]hile substantial evidence may consist of inferences,

5

such inferences must be "a product of logic and reason" and "must rest on the evidence" [citation]; inferences that are the result of mere speculation or conjecture cannot support a finding [citations].' [Citation.] 'The ultimate test is whether it is reasonable for a trier of fact to make the ruling in question in light of the whole record.'" (*Savannah M*., at pp. 1393-1394; accord, *In re Albert T*. (2006) 144 Cal.App.4th 207, 216-217.)

  2. *Substantial Evidence Supports the Juvenile Court's Jurisdiction Findings and Disposition Order*

    a. *The jurisdiction findings*

Father does not challenge the adequacy of any of the allegations; that is, he does not claim the allegations, even if true, do not warrant jurisdiction under section 300, subdivisions (a), (b) or (j). Rather, Father contends there is insufficient evidence to support the allegations. As to the allegation he choked Shawn, he emphasizes that police called to the scene found no evidence Shawn had been injured; the medical examination of Shawn found no evidence of injuries; and Crystal admitted to police she did not actually see Father choke Shawn. As to Michael, Father contends the photograph of Michael does not "clearly depict a hand print" or bruising on Michael's face. Finally, as to the allegation of his untreated paranoid schizophrenia, he asserts dependency jurisdiction was unnecessary, as his illness did not pose a risk to his children and, in any event, he acknowledged his diagnosis and would have agreed to additional treatment without the court exercising its jurisdiction. None of these arguments has merit.

      i. Physical abuse of Shawn

The court's finding Father physically abused Shawn is supported by substantial evidence. The court was permitted to credit Crystal's statements to maternal grandfather and to the social worker that Father had choked Shawn because Shawn would not stop crying on Father's demand. Although Crystal told police she did not see Father at the exact moment he choked Shawn, she identified circumstances moments after the incident took place, including Father's handprints on Shawn's neck, from which it was reasonable for her to infer the abuse occurred. Although Crystal later, in Father's presence, retracted her accusation and denied making the same complaint to social workers, it was

6

reasonable for the court to infer Crystal's subsequent denials were based on her fear of Father.

### ii. Physical abuse of Michael

Father also challenges the allegation he abused Michael (§ 300, subds. (a), (j)), claiming the Department added it at the last minute, depriving him of sufficient notice to dispute the allegation. Because Father did not object on notice grounds at the hearing despite having the opportunity to do so, he has forfeited that objection on appeal. (*In re Wilford J.* (2005) 131 Cal.App.4th 742, 754; *In re B.G.* (1974) 11 Cal.3d 679, 689.)

Father also contends the evidence is insufficient to support the court's finding he physically abused Michael, claiming the photograph does not depict bruising or any injury to Michael's cheek. Our review of the colored photograph relied on by the juvenile court reveals clear bruising, resembling a large handprint, on Michael's face.[2] Father's argument the evidence is insufficient to show actual injury is without merit.

### iii. Inconsistently treated mental health condition

We also find substantial evidence Father's inconsistently treated mental health condition put his children at risk. Crystal and Father confirmed Father had been diagnosed with paranoid schizophrenia. Crystal had tried to help him obtain treatment and medication, but Father, by his own account, did not take his medication regularly. An initial psychological evaluation confirmed evidence of Father's anger and paranoia and recommended he receive a full psychiatric evaluation, individual therapy and treatment. Crystal told at least one friend she was afraid of Father and, in fact, often sought refuge in the friend's home. There is also evidence—the physical abuse of Michael and Shawn—that Father had taken his anger out on his children. Dependency jurisdiction was amply supported in this case.

---

2       Although the black-and-white copy of the photograph included in the clerk's transcript shows shadowing on Michael's cheek that could have been (but was not clearly) a bruise, the colored photograph reviewed by the juvenile court and included in the juvenile court record we obtained clearly shows the bruising the court identified in its ruling.

b. *Disposition order*

Father challenges the court's order removing the children from his custody, asserting there is no evidence that removal was necessary to protect them from harm. The court found Father physically abused two of his children and his inconsistently treated mental health issues posed a risk of harm to all three children. Father refused to acknowledge his behavior and unaddressed health issues posed a risk to his children. The court's conclusion returning the children to his custody would have endangered them was amply supported by the record in this case.

## DISPOSITION

The October 25, 2012 jurisdiction findings and disposition order are affirmed.


PERLUSS, P. J.


We concur:



WOODS, J.



ZELON, J.

8