Filed 8/9/21  N.R. v. Shapouri CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| N.R.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FERNANDO SHAPOURI,<br><br>    Defendant and Appellant. | D076017<br><br>(Super. Ct. No.<br> 37-2019-00006399-CU-HR-CTL)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN THE JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on July 19, 2021, be modified as follows:

In the opening paragraph, which begins on page 1 and concludes on page 2, the words "Shapouri's prior" are replaced with "N.R.'s" so that the phrase "(3) the judge did not fully disclose a conflict of interest arising from his acquaintance with Shapouri's prior counsel," is changed to "(3) the judge did not fully disclose a conflict of interest arising from his acquaintance with N.R.'s counsel," so that the paragraph now reads:

This court has nevertheless discerned from his brief the following contentions: (1) insufficient evidence supported the granting of the restraining order; (2) the court lacked jurisdiction to resolve this matter as Shapouri lives in Los Angeles, N.R.'s telephone number had a Palo Alto area code, and no evidence showed she was in San Diego during any of the alleged telephone contacts; (3) the judge did not fully disclose a conflict of interest arising from his acquaintance with N.R.'s counsel, therefore "the evidence amalgamates frame up, conspiracy by obstruction of justice, violations of liberty and due process, all the while contributing to tyrannical malicious prosecution and inconsistent verdict"; and (4) the court further violated Shapouri's constitutional right to due process because N.R.'s mother was not present at the motion hearing.

There is no change in the judgment.

The petition for rehearing is denied.

HALLER, Acting P. J.

Copies to: All parties

2

Filed 7/19/21  N.R. v. Shapouri CA4/1 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| N.R., | D076017 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2019-00006399-CU-HR-CTL) |
| FERNANDO SHAPOURI, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Matthew Brower, Judge.  Affirmed.

Fernando Shapouri, in pro. per.; Law Office of Corey Evan Parker and Corey Evan Parker, for Defendant and Appellant.

N.R., in pro. per.; Bernal Law and Pedro Bernal for Plaintiff and Respondent.

Fernando Shapouri, who is self-represented, appeals from the court's order granting respondent N.R.'s request for a civil harassment restraining order (Code of Civ. Proc.,[1] § 527.6) protecting herself and her mother against

_____

1    Undesignated statutory references are to the Code of Civil Procedure.

him.  Shapouri's brief does not contain clearly stated arguments for reversal supported by citations to legal authority and the record.  This court has nevertheless discerned from his brief the following contentions:  (1) insufficient evidence supported the granting of the restraining order; (2) the court lacked jurisdiction to resolve this matter as Shapouri lives in Los Angeles, N.R.'s telephone number had a Palo Alto area code, and no evidence showed she was in San Diego during any of the alleged telephone contacts; (3) the judge did not fully disclose a conflict of interest arising from his acquaintance with Shapouri's prior counsel, therefore "the evidence amalgamates frame up, conspiracy by obstruction of justice, violations of liberty and due process, all the while contributing to tyrannical malicious prosecution and inconsistent verdict"; and (4) the court further violated Shapouri's constitutional right to due process because N.R.'s mother was not present at the motion hearing.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

N.R. made the following allegations in a petition for a civil harassment restraining order:  Shapouri was a high school acquaintance, and they never had a romantic or sexual relationship.  On November 2, 2018, Shapouri left her a voicemail in which he was "talking about 'ejaculating in a copy machine at work' and making other inappropriate sexual remarks."  On December 2, 2018, Shapouri telephoned N.R.'s business partner and left a voicemail message stating, "[N.R.] is screwing up and she needs to come after [me] instead of making another mistake in her life . . . then [me and N.R.] can argue and make out like in Top Gun."

Around December 17, 2018, Shapouri disparaged N.R. and her business via her friends' social media.

2

On February 2, 2019, Shapouri wrote in a text message to N.R.: "[F]or every action there is a reaction," and "[i]f you keep shading me, see what happens." Shapouri added that he was "writing a book for sure. What's in it and how it ends, only time will tell, but remembering every shitting [*sic*] thing, especially you."

On February 3, 2019, Shapouri told N.R. via text message, "the problem is that your brain is so damn thin because you just keep caught up in a narrow scope [*sic*]." Although N.R. told Shapouri to stop texting her, he refused, replying, "I want to come see you." He later sent her a message accusing her of "doing drugs and prostituting."

The hearing on the restraining order petition was unreported. The court's minute order states the judge initially granted Shapouri's motion and recused himself because of his prior relationship with Shapouri's attorney. However, the attorney informed the court Shapouri "has decided to proceed in pro. per." The court then heard the matter.

The court stated in a minute order that it reviewed voicemail messages N.R. submitted, along with photographs, text messages, screenshots and other materials that Shapouri submitted. The court found that N.R. had "met the high burden of proof that is required" and proven the case by clear and convincing evidence; therefore, it granted the restraining order for five years.

DISCUSSION

Section 527.6 permits a court to issue a protective order against a person who has engaged in "harassment" (§ 527.6, subd. (a); see *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188-189), which it defines as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the

3

person, and that serves no legitimate purpose.  The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."  (§ 527.6, subd. (b)(3).)  "Course of conduct" is defined as a "pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of . . . computer email.  Constitutionally protected activity is not included within the meaning of 'course of conduct.' "  (§ 527.6, subd. (b)(1).)  Before imposing a protective order, a trial court must find clear and convincing evidence that unlawful harassment exists and is likely to recur in the future.  (§ 527.6, subd. (i).)  A reviewing court will affirm a trial court's finding that this burden of proof has been met if supported by substantial evidence.  (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 496.)

As stated, the appellate record does not include a reporter's transcript or any other record of what testimony and arguments were presented at the hearing.  Consequently, Shapouri has forfeited any claims that insufficient evidence supports the restraining order and that N.R. failed to demonstrate a reasonable probability that he would continue to harass her.  The burden of showing reversible error by an adequate record falls on the party challenging the judgment or order.  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  "[T]he reviewing court presumes the judgment of the trial court is correct and indulges all presumptions to support a judgment on matters as to which the record is silent."  (*Baker v. Children's Hospital Medical Center* (1989) 209 Cal.App.3d 1057, 1060.)  Thus, " '[i]t is the duty of an appellant to provide an adequate record to the [appellate] court establishing error.  Failure to provide

4

an adequate record on an issue requires that the issue be resolved against [the] appellant.' " (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

Where "the record on appeal consists of only a clerk's transcript and exhibits and no error appears on the face of the record, the sufficiency of the evidence to support the trial court's rulings is not open to consideration by a reviewing court; in such a case, 'any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which would defeat it.' " (*County of Los Angeles v. Surety Ins. Co.* (1984) 152 Cal.App.3d 16, 23.) If a reporter's transcript of the hearing was not obtainable, Shapouri could have avoided the application of this rule by proceeding with an agreed or settled statement. (*Leslie v. Roe* (1974) 41 Cal.App.3d 104, 108; see Cal. Rules of Court, rules 8.134, 8.137.) That Shapouri is representing himself on appeal does not exempt him from the requirements of appellate practice. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) A self-represented party " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Id.* at p. 1247.)

We further conclude that Shapouri forfeited the arguments he raises for the first time on appeal where an objection could have been but was not made in the trial court. (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 184-185, fn. 1.) These claims include that the court had a conflict of interest, the court violated his due process rights or "punished" Shapouri, it failed to "ask questions about hate speech, alcohol and drug abuse, or even prostitution," and it "illegally granted injunctive relief for [N.R.'s mother] although she was not present, not wanting to be on the order, [and] unable to be questioned." As stated, we are required to presume the court carried out

5

its official duties properly and that if Shapouri had raised the issues below, the court properly addressed them. " 'As an aspect of the presumption that judicial duty is properly performed [Evid. Code, § 664], we presume . . . that the court knows and applies the correct statutory and case law [citation] and is able to distinguish admissible from inadmissible evidence, relevant from irrelevant facts, and to recognize those facts which properly may be considered in the judicial decisionmaking process.' " (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1531.) Although we could exercise our discretion to excuse the forfeiture, we decline to do so. (See *In re Wilford J.* (2005) 131 Cal.App.4th 742, 754.)

Shapouri argues the judge "willfully and knowingly stopped [him] from making argument [*sic*] on his evidence by cutting him off and using intimidation while never asking the opposition questions." But Shapouri identifies no specific harm that he allegedly suffered. He identifies no testimony, piece of evidence, or argument that he was unable to present or challenge. An alleged error only warrants reversal if the appellant can show the error was prejudicial. (*Douglas v. Ostermeier* (1991) 1 Cal.App.4th 729, 740; see *People v. Esayian* (2003) 112 Cal.App.4th 1031, 1042 [claim that procedure violated due process generally requires showing of fundamental unfairness].) Finally, even if Shapouri were able to identify some alleged harm, we would likely be unable to evaluate it since he failed to provide us with an adequate record of the proceeding. In short, he has not sustained his appellate burden of demonstrating a due process violation or any other error.

Without citation to applicable legal authority, Shapouri argues he was "intimidated with firearm by the armed bailiff" [*sic*]; "proper discovery package has been denied through the whole process [*sic*]"; there was a "[f]ailure to promptly record and send out the transcripts in 30 to 60" days;

6

N.R. engaged in "hate speech" against him; the restraining order was "served illegally without proper seal and signature"; he should have been "informed and served civil case coversheet documents prior to the hearing" because this case is complex; N.R. did not include proof of evidence with her declaration and thus "no proof is within the four corners, and outside the declaration there is no lodgment of evidence within the four corners"; and N.R. violated California Rules of Court, rule 2.1040(a)(1) by not including a transcript of an audio recording that she submitted into evidence. "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [the appellant] wants us to adopt." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287.) "In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record." (*Id.* at pp. 286-287.) Because Shapouri has failed to provide such arguments on each of the above claims, we reject them.

Nor will we presume the court's actions caused Shapouri prejudice, which he is obligated to demonstrate. (See *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800-802; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105-106 ["[O]ur duty to examine the entire cause arises when and only when the appellant has fulfilled his duty to tender a proper prejudice argument. Because of the need to consider the particulars of the given case, rather than the type of error, the appellant bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice"]; *Vaughn v. Jonas* (1948) 31 Cal.2d 586, 601 ["[t]o presume in favor of error or prejudice would be directly contrary to the policy of this state"].) As Shapouri has not

fulfilled his duty of tendering a proper prejudice argument, we have no duty to examine his claims further.

DISPOSITION

The order is affirmed.  N.R. is awarded costs on appeal.

O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.